Liborio BELLOMO, Petitioner,

v.

UNITED STATES of America,
Respondent.

No. 03 CV 2627(ILG).

United States District Court,
E.D. New York.

Oct. 23, 2003.

Flora Edwards, New York City, for Petitioner.

## ORDER

GLASSER, District Judge.

Following upon the heels of my Memorandum and Order ("M & O"), dated October 8, 2003, familiarity with which is assumed, the petitioner filed a motion pursuant to 28 U.S.C. § 1292(b) seeking an order from this Court authorizing an interlocutory appeal from that M & O. In substance, that statute provides that if the district judge is of the opinion his Order (1) involves a controlling question of law as to which there is substantial ground for difference of opinion, and (2) an immediate appeal may materially advance the ultimate termination of the litigation, he shall so state in an order in writing.

The petitioner asserts that the controlling question posed by the M & O is whether his petition pursuant to 28 U.S.C. § 2241 brought while in custody in this district may be transferred to the Southern District where he was convicted and sentenced for the crimes which are the subject of that petition. The matter came on to be heard on October 21, 2003. The Court denied the motion from the bench having concluded that there is no controlling question of law as to which there is a substantial ground for a difference of opinion. That determination is memorialized here.

The question was decisively answered in *Braden v. 30th Judicial Circuit Court of Kentucky,* 410 U.S. 484, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973). In that case, an Ala-

bama prisoner filed a § 2241 petition in Kentucky seeking an immediate trial on a three year old Kentucky indictment. The district court granted his petition. The Court of Appeals for the 6th Circuit reversed on the grounds that § 2241 was limited to petitions filed by persons physically present within the territorial limits of the district court. That court accepted the view of the respondent that § 2241 controls jurisdictionally and not merely as regards venue and that jurisdiction lies only within the territorial jurisdiction in which the prisoner is confined. The Supreme Court reversed and held that the writ is

> directed to, and served upon, not the person confined, but his jailer .... Read literally, the language of § 2241(a) requires nothing more than that the court issuing the writ have jurisdiction over the custodian. So long as the custodian can be reached by service of process, the court can issue a writ "within its jurisdiction" requiring that the prisoner be brought before the court for a hearing on his claim, or requiring that he be released outright from custody, *even if the prisoner himself is confined outside the court's territorial jurisdiction.*

410 U.S. at 495, 93 S.Ct. 1123 (emphasis added). As was discussed in the M & O, the custodian in this district can be reached by service of process emanating from the Southern District.

Although the petitioner may be correct in his view that this Circuit Court has not squarely passed on the issue insofar as it has not been raised on these precise facts, the court has, on more than one occasion, cited with approval the essential holding in *Braden. See, e.g., Henderson v. INS,* 157 F.3d 106, 122 (2d Cir.1998) ("A court has personal jurisdiction in a habeas case 'so long as the custodian can be reached by service of process.'" (quoting *Braden,* 410 U.S. at 495, 93 S.Ct. 1123)); *U.S. ex rel*

*Sero v. Preiser,* 506 F.2d 1115, 1128 (2d Cir.1974). Perhaps the most incisive analysis and discussion of the issue in a setting virtually identical with this one is by Judge Gleeson in *Brooks v. Strack,* 1999 WL 672949 (E.D.N.Y. Aug. 25, 1999), a reading of which can leave no doubt that § 2241 does not preclude the Southern District from entertaining his § 2241 petition.

Senate Report 85–2434 issued incident to the proposed enactment of § 1292(b) made the observation that the "indiscriminate use of the statute may result in delay rather than in the expedition of cases in the district courts. Obviously, such appeals should not be allowed if they are filed solely for purposes of delay or are based upon frivolous grounds." As a protection against delays, the statute provides that an application pursuant to it shall not stay proceedings in the district court. *See* 1958 USCCAN 5255, 5256–57.

The cases upon which the petitioner relies, *Lee v. Wetzel,* 244 F.3d 370 (5th Cir. 2001); *Hernandez v. Campbell,* 204 F.3d 861 (9th Cir.2000); and *Martinez v. United States,* 234 F.3d 1277, 2000 WL 1170120 (9th Cir.2000) (an unpublished opinion) have been examined and are inapposite.

The denial of this motion, based as it is on my conclusion that the prerequisites of 1292(b) are not satisfied could also be based upon the unavailability of § 1292(b) as a means to review a transfer pursuant to 28 U.S.C. § 1404(a). *See A. Olinick and Sons v. Dempster Bros., Inc.,* 365 F.2d 439, 443 (2d Cir.1966).

SO ORDERED.