**Liborio BELLOMO, Petitioner,**

v.

**UNITED STATES of America,
Respondent.**

**No. 03 Civ.9253 LAK.
No. 96 Crim.430 LAK.**

United States District Court,
S.D. New York.

Nov. 10, 2004.

Flora Edwards, Sewaren, NJ, for Petitioner.

Maria A. Barton, Barbara A. Ward, Assistant United States Attorneys, David N. Kelley, United States Attorney, New York City, for Respondent.

## MEMORANDUM OPINION

KAPLAN, District Judge.

Liborio Bellomo, allegedly the former acting boss of the Genovese organized crime family, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241. He moves also to amend his petition to name as respondent Michael Zenk, the warden of the Metropolitan Detention Center in Brooklyn, New York.

### I

Petitioner was indicted in this Court in 1996 along with eighteen other defendants on charges under the Racketeer Influenced and Corrupt Organizations Act ("RICO").[1] He was charged with two counts under RICO as well as a number of other crimes. The RICO counts alleged as predicate acts a murder and two extortions (of Enviro Express as well as Local 46 of the Mason Tenders District Council).[2] In due course, Bellomo reached a plea agreement with the government pursuant to which he pleaded guilty to both counts of a superseding information that charged him with conspiracy to commit Hobbs Act extortion.[3] He stipulated to an upward de-

---

1. 18 U.S.C. § 1961.

2. *United States v. Bellomo,* S1 96 Cr. 430.

3. Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Habeas Pet."), Ex. A Plea Agreement, Ex. B., *United States v. Bellomo,* S2 96 Cr. 430(LAK).

parture from the Sentencing Guidelines on the grounds that the offenses involved organized crime and that the government was prepared to offer proof of his participation in the murder of Ralph Desimone.[4] He agreed also not to appeal any sentence at or below the stipulated guideline range and to waive litigation under 28 U.S.C. § 2255.[5] In exchange, the government agreed not to prosecute Bellomo in this district on charges that he:

"(1) conspired to conduct and participate in, and conducted and participated in, the affairs of the racketeering enterprise described in Indictment S1 96 Cr. 430(LAK) through the pattern of racketeering activity alleged therein; (2) conspired to murder and murdered Ralph Desimone; (3) attempted to extort and committed labor racketeering with respect to Local 46 and the Mason Tenders District Council from in or about May 1989 though in or about June 1996; (4) extorted the owners and operators of Enviro Express, from in or about 1987 through in or about June 1996; (5) extorted and conspired to extort Young Container and the owners of Pasta Pasta Restaurant, in or about 1990 and 1991; and (6) extort Benjamin Villani and Compaction Systems Inc." [6]

At the plea hearing, Bellomo allocuted to actions that formed the factual basis of the plea. Count Two of the superseding information charged Bellomo with conspiring to extort Local 46 of the Mason Tenders District Council of Greater New York and of the District Council by obtaining property consisting of the union members' right to free speech and democratic participation in their affairs.[7] In pleading guilty to this count, he stated:

"In 1989, and while in the Southern District of New York, I unlawfully agreed with Michael Generoso to commit extortion by seeking, without the union officers' and agents' consent, to undermine the loyal representation of union officers and agents in the Mason Tenders District Council of Greater New York and of the District Council." [8]

Bellomo was sentenced principally to consecutive terms of 60 months imprisonment on Counts One and Two, which reflected the stipulated upward departure, as he had agreed in his plea agreement. In accordance with the agreement, the indictments were dismissed.

Despite the fact that Bellomo's plea agreement waived any right to challenge any sentence of 120 months or less, he filed two post-conviction motions in this Court attacking his sentence. The first was construed as a petition under 28 U.S.C. § 2241 and became moot when he filed a Section 2255 motion.[9] In the Section 2255 motion, Bellomo asserted, among other things, that the upward departure to which he had stipulated was a violation of due process given *United States v. Bellomo*,[10] which vacated for insufficient evidence the conviction of his co-defendant James Ida on one of the underlying racketeering acts, conspiracy to murder Ralph

4. *Bellomo v. United States*, No. 99 Civ. 10640(LAK) (Jan. 7, 2000), *appeal dismissed*, No. 00–2070 (2d Cir.2002).

5. Habeas Pet., Ex. A. at 7.

6. *Id.* at 4–5.

7. Habeas Pet., Ex. B., *United States v. Bellomo*, S2 96 Cr. 430(LAK).

8. *Id.*, Ex. C, Transcript of Plea Hearing at 40–41.

9. Ward Letter, Oct. 1, 2004, at 11.

10. 176 F.3d 580 (1999); Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2255 at 13–15 (99 Civ. 10640).

Desimone.[11] This Court held that the motion was time-barred, procedurally defaulted and precluded by the plea agreement and so denied it.[12] He has remained in prison under the judgment of this Court since sentencing.

In 2002, while Bellomo was incarcerated pursuant to the sentence of this Court in a federal correctional institution in Yazoo, Mississippi, he was indicted again, this time in the Eastern District of New York, where he was charged with, among other things, extorting a union in violation of the Hobbs Act.[13] The Eastern District issued a writ of habeas corpus *ad prosequendum,* pursuant to which Bellomo was brought to Brooklyn to stand trial.[14]

While Bellomo was awaiting trial in Brooklyn, the Supreme Court decided *Scheidler v. National Organization of Women,*[15] which held that the "obtaining" property element of extortion under the Hobbs Act includes both a deprivation and acquisition of property. Bellomo thereupon moved to dismiss the Hobbs Act extortion charge in the Eastern District indictment.[16] Judge Glasser granted the motion.[17] Prosecutors then obtained a superseding indictment to which petitioner pleaded guilty.[18]

While still in the Eastern District of New York pursuant to the writ of habeas corpus *ad prosequendum* awaiting sentencing, Bellomo filed this application for habeas corpus, allegedly pursuant to 28 U.S.C. § 2241, in an effort to challenge his 1997 conviction in this Court. In a transparent effort to have it assigned to Judge Glasser, Bellomo designated the petition as "related" to the 2002 indictment.[19] Although Judge Glasser held that the cases were not "related" within the meaning of the Eastern District's rule, he discussed the assertion that Bellomo should be allowed to file this collateral attack on his 1997 conviction under Section 2241. In doing so, Judge Glasser noted that "[t]he petitioner did not challenge his guilty plea on direct review and although he has procedurally defaulted his claim by that failure, this petition, bottomed as it is on his claim of innocence, may be filed."[20] Determining that the petition raised issues that would be decided best by the sentencing court and that under *Braden v. 30th Judicial Circuit Court of Kentucky,*[21] the petition could be transferred to this Court,

11. *Bellomo,* 176 F.3d at 594–95.

12. *Bellomo v. United States,* No. 99 Civ. 10640(LAK) (Jan. 7, 2000), *appeal dismissed,* No. 00–2070 (2d Cir.2002).

13. Ward Letter at 2.

14. Edwards Letter, October 8, 2004, at 8.

15. 537 U.S. 393, 123 S.Ct. 1057, 154 L.Ed.2d 991 (2003).

16. Ward Letter at 2.

17. *United States v. Bellomo,* 263 F.Supp.2d 561, 575–76 (E.D.N.Y.2003).

18. Ward Letter at 3 n. 2.

19. *Bellomo v. United States,* 297 F.Supp.2d 494, 497–98 (E.D.N.Y.2003).

20. *Id.* at 499. In an order dated September 10, 2004, (96 Cr. 430, DI 697), this Court stated that Judge Glasser's decision to allow the petition to be filed under Section 2241 was law of the case. After hearing oral argument by the parties on October 21, 2004, the Court determines that its previous statement was premature and that Judge Glasser's observation regarding the filing of the 2241 petition is not a holding and, therefore, is not the law of the case. *Cf. Brody v. Village of Port Chester,* 345 F.3d 103, 110 (2d Cir.2003) (doctrine of law of the case is discretionary and does not bar reconsideration based on a more complete record).

21. 410 U.S. 484, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973).

Judge Glasser transferred the petition here pursuant to 28 U.S.C. § 1404(a).[22]

Bellomo now asserts that this Court lacks jurisdiction over the petition because it must be brought in the district of confinement, which petitioner asserts is the Eastern District under *Rumsfeld v. Padilla*.[23] Accordingly, he urges that his application be transferred back to the Eastern District.[24]

## II

Bellomo here contends that his conviction on Count Two of the superseding information to which he pled guilty in this Court should be set aside in light of *Scheidler v. National Organization for Women*,[25] which, he maintains, held that the rights of union members to free speech and democratic participation in union affairs and to loyal representation by union officers are not "obtainable" property and therefore cannot be extorted under the Hobbs Act. He therefore argues that the plea was neither intelligent nor valid because he was misinformed as to the statutory elements of the offense and that the conviction should be set aside as the conduct he admitted did not make out a crime.

Bellomo's jurisdictional argument is based on at least three propositions. The first is that the petition in this case is

properly characterized as an application under Section 2241 rather than Section 2255. If it is the former, Bellomo posits that *Padilla* made the Eastern District the only forum in which the petition could have been filed. And if both of those propositions were established, he maintains that the transfer order was improper. But Bellomo's argument fails at the outset.

■ Section 2255 provides that an individual in federal custody under sentence of a federal court "may move the court which imposed the sentence to vacate, set aside or correct the sentence" on the ground that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."[26] Petitions pursuant to Section 2241, in contrast, are used by petitioners in federal custody to attack the execution of a sentence, including such matters as the administration of parole, computation of the sentence, transfers between prisons, and conditions of detention.[27] Accordingly, federal prisoners who challenge their convictions on constitutional or legal grounds generally must proceed under Section 2255.[28]

---

**22.** *Bellomo,* 297 F.Supp.2d at 501–03. Petitioner then sought authorization for an interlocutory appeal from that order, which Judge Glasser denied. *See Bellomo v. United States,* 288 F.Supp.2d 323 (E.D.N.Y.2003).

**23.** ⸺ U.S. ⸺, 124 S.Ct. 2711, 159 L.Ed.2d 513 (2004).

**24.** *See* Edwards Letter at 8–10. Following oral argument on October 21, 2004, when this Court *sua sponte* raised the issue of petitioner's failure to name a proper respondent, petitioner moved to amend the petition to name as respondent Michael Zenk, the warden of the Metropolitan Detention Center in Brook-

lyn, and to transfer the case back to the Eastern District.

**25.** 537 U.S. 393, 123 S.Ct. 1057, 154 L.Ed.2d 991 (2003).

**26.** 28 U.S.C. § 2255.

**27.** *Jiminian v. Nash,* 245 F.3d 144, 146 (2d Cir.2001); *Chambers v. United States,* 106 F.3d 472, 474–75 (2d Cir.1997).

**28.** *Jiminian,* 245 F.3d at 147 (citing *Triestman v. United States,* 124 F.3d 361, 373 (2d Cir. 1997)); *Roccisano v. Menifee,* 293 F.3d 51, 57 (2d Cir.2002) ("As a general rule, when collaterally attacking a sentence on the ground that

As Bellomo here attacks his conviction on Count Two on the grounds that his guilty plea was not knowing and intelligent and that his admissions did not constitute a crime, his petition—notwithstanding the fact that it invokes Section 2241—is precisely the sort of application that generally must be made to the sentencing court by motion under Section 2255. Bellomo, however, mounts a complex argument that his petition may be maintained under Section 2241 through the savings clause of Section 2255, which provides in substance that a prisoner attacking a federal conviction may file a petition for a writ of habeas corpus rather than a motion under Section 2255 if it "appears that the remedy by motion [under Section 2255] is inadequate or ineffective to test the legality of the detention."

Bellomo's argument begins with the fact that he already has made a Section 2255 motion to this Court, which was denied on the merits. He then turns to the amendment of Section 2255 by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") to provide that a federal prisoner attacking his sentence may bring a second or successive motion under Section 2255 only if the motion is certified by the court of appeals to contain:

> "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme

Court, that was previously unavailable." [29]

As Bellomo here relies neither on newly discovered evidence nor on a new rule of constitutional law, the AEDPA amendment forecloses relief under Section 2255. So, Bellomo argues, he may proceed under Section 2241 by virtue of the savings clause of Section 2255. The problem, however, is that more than the absence of a remedy under Section 2255 is required in order to gain access to Section 2241.

A Section 2255 motion is not considered inadequate or ineffective merely because the gate keeping provision of the statute prevents a movant from "raising a claim that he or she could have raised on direct review or in an earlier section 2255 motion." [30] Rather, the savings clause applies only where Section 2255 is unavailable and "the failure to allow for collateral review would raise serious constitutional questions." [31] To date, the Court of Appeals has recognized only one such circumstance: "cases involving prisoners who (1) can prove 'actual innocence on the existing record,' and (2) 'could not have effectively raised [their] claim[s] of innocence at an earlier time.'" [32] This leaves Bellomo with two insurmountable problems.

[4] First, Bellomo's contention that he actually is innocent on Count Two because the "property" he was accused of extorting in violation of the Hobbs Act was not "obtainable" by him could have been raised previously. His co-defendant, James Ida, argued that the right of union members to free speech and democratic participation was not property in a pretrial motion at-

---

he was convicted in violation of the Constitution or federal law, a federal prisoner must use § 2255.") (internal quotation marks omitted).

**29.** 28 U.S.C. § 2255.

**30.** *Love v. Menifee,* 333 F.3d 69, 73 (2d Cir. 2003).

**31.** *Triestman,* 124 F.3d at 377.

**32.** *Cephas v. Nash,* 328 F.3d 98, 104 (2d Cir. 2003) (quoting *Triestman,* 124 F.3d at 363).

tacking Racketeering Act 7(a) and on appeal from his conviction.[33] To be sure, circuit law prior to *Scheidler* embraced an expansive definition of Hobbs Act extortion, which held that "[t]here is no requirement that perpetrator of an extortion receive the benefit of his act." [34] However, as the Supreme Court explained in *Bousley v. United States*,[35] the fact that a claim was "unacceptable to [a] particular court at [a] particular time" does not excuse a petitioner's failure to challenge his conviction on direct appeal.[36] As the Circuit has said, where, as here, an applicant raises "claims that clearly could have been pursued earlier, ... then the savings clause of § 2255 is not triggered." [37]

Bellomo's attempt to rely on the savings clause would be doomed even if his failure to make this argument earlier were not fatal—he has not made out a sufficient claim of actual innocence in light of the plea bargain he struck. Bellomo was charged with two racketeering violations, conspiracy to commit murder, extortion and conspiracy to commit extortion.[38] In exchange for his plea of guilty to the two extortion conspiracy counts in the superseding information and for his consent to the upward departure in sentencing, the government dropped almost all of this broad array of charges and agreed not to pursue other unindicted charges. In such circumstances, one attacking a conviction on a plea of guilty must show actual innocence not only of the particular charge in question, but of all of the charges the government dropped or forewent in exchange for the plea.[39]

Bellomo attempts to address this requirement by relying on *Scheidler* [40] and then asserting that he actually is innocent

---

33. *United States v. Bellomo*, 954 F.Supp. 630, 642 (S.D.N.Y.1997), *aff'd in relevant part, rev'd in part*, 176 F.3d 580, 592–93 (2d Cir.), *cert. denied, Ida v. United States*, 528 U.S. 987, 120 S.Ct. 447, 145 L.Ed.2d 364 (1999). Bellomo asserts that he joined this pre-trial motion. *See* Petitioner's Reply Memorandum of Law in Support of His Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Pet'r Habeas Reply") 19.

34. *United States v. Arena*, 180 F.3d 380, 394 (2d Cir.1999) (quoting *Town of West Hartford v. Operation Rescue*, 915 F.2d 92, 101–02 (2d Cir.1990)) (internal quotation marks omitted).

35. 523 U.S. 614, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998).

36. *Id.* at 623, 118 S.Ct. 1604 (internal quotation marks omitted); *De Jesus v. United States*, 161 F.3d 99, 103 (2d Cir.1998).

37. *Cephas*, 328 F.3d at 105.

38. *United States v. Bellomo*, S1 96 Cr. 430(LAK).

39. *Bousley*, 523 U.S. at 623–24, 118 S.Ct. 1604.

40. Bellomo of course argues that *Scheidler* invalidates his conviction on Count Two. Even assuming that *Scheidler* controls and that the plea therefore was not intelligent and the allocution insufficient, questions by no means free from doubt, *compare United States v. Muscarella*, No. 03 Cr. 229(NRB), 2004 WL 2186561 (S.D.N.Y. Sept. 28, 2004); *United States v. Cacace*, No. 03 Cr. 0072(SJ), 2004 WL 1646760 (E.D.N.Y. July 14, 2004); *United States v. Gotti*, No. 02 Cr. 606 (E.D.N.Y. Mar. 26, 2004), *with United States v. Bellomo*, 263 F.Supp.2d 561, 569–576 (E.D.N.Y.2003), Bellomo would not have established actual innocence even on Count Two.

*Bousley* makes clear that the government may rely on evidence outside the record to rebut any showing of innocence Bellomo might make. *See* 523 U.S. at 624, 118 S.Ct. 1604. Here, further evidence about the conspiracy to extort Local 46 and the Mason Tenders District Council came out at the trial of Bellomo's co-conspirator and co-defendant James Ida. The evidence showed that the Genovese family had a history of dominating Local 46 and the Mason Tenders District Council, which operated in parts of Queens, including Kennedy Airport and the Rockaways. *See* Government's Memorandum of Law in Opposition to Petitioner's § 2241 Motion 5, Ex. B.,

of the Desimone murder and conspiracy to murder charges. As to those, he points to the evidence in the Ida trial and the fact that the Second Circuit reversed Ida's conviction, insofar as it rested on the Desimone episode, on the ground that the evidence was insufficient to permit a finding that the murder was in aid of the Genovese racketeering enterprise.[41] He asserts also that other evidence, not in the record of Ida's trial, demonstrates that he is innocent, including a statement by Alfonse D'Arco of the Lucchese family, a witness against Ida, that he was unaware of any murders in which Bellomo had participated and evidence from another trial of Louis Ruggiero, in which the government alleged that Desimone was killed as a result of his involvement with the Cowboys, a kidnaping and drug ring in northern New Jersey.[42] But all of this is neither here nor there. Any failure by the government to adduce evidence in the Ida trial sufficient to justify a finding that Desimone was killed in aid of the Genovese family's activities or its offering of a different theory of the killing in another case would be insufficient to sustain Bellomo's burden of establishing his own innocence. Moreover, Bellomo's argument would fail even if he had carried his burden with respect to the Desimone killing.

As previously noted, the government, in exchange for Bellomo's plea, dropped two counts of the indictment charging substantive offenses relating to extortion of Enviro Express and agreed not to prosecute him for the alleged Young Container, Pasta Pasta and Villani–Compaction Systems extortions. Bellomo has made no effort to demonstrate, either on the existing record or otherwise, that he is actually innocent of any of those crimes. Moreover, his contention that he is not obliged to make such a showing with respect to uncharged crimes is mistaken. The *Bousley* Court's rationale—that one who benefits from a plea bargain must establish innocence of the alleged crimes for which the government forewent prosecution in exchange for the plea in order to overcome the failure to raise the claim on direct review—applies equally to charged and articulated but uncharged crimes. To require less would undermine the plea bargaining process. Bellomo consequently has failed to establish that enforcement in this case of the gate keeping provisions of Section 2255 would raise serious constitutional questions. The savings clause therefore is inapplicable.[43]

This conclusion disposes of Bellomo's jurisdictional attack. As Bellomo challenges

Transcript of the Trial of James Ida 2452–53, 2458–61, 3992–94. One witness testified that Ida and his associates in the Genovese family sought to regain control of the union from the Lucchese crime family by running their own candidate for union president against the candidate who was supported by and a member of the Lucchese organization. There was evidence also that Ida negotiated with Alfonse D'Arco, a Lucchese family associate, to force the withdrawal of the Lucchese candidate and that violence erupted as a result of the dispute. *Id.*, Ex. B., Transcript of the Trial of James Ida 2459–61; *Bellomo,* 176 F.3d at 592. Thus, it is entirely possible that Bellomo obtained property for Hobbs Act purposes even in light of *Scheidler.* In view of the Court's disposition of the petition, however, it is unnecessary to decide any of these matters.

**41.** Pet'r Habeas Reply 23–28.

**42.** *Id.* at 30–31.

**43.** The Court is mindful that Judge Glasser appears to have reached a different conclusion in transferring the action, *Bellomo,* 297 F.Supp.2d at 494, and of its own previous disinclination to reexamine the question in light of the law of the case doctrine (96 Cr. 430, DI 697). Upon further reflection, however, it has come to a different view.

In transferring the action to this Court, Judge Glasser recognized that *Bousley* required proof of actual innocence on all of the charges that the government abandoned in exchange for the guilty plea. 297 F.Supp.2d at 500. As this Court understands that deci-

his conviction on Count Two rather than the execution of his sentence and the savings clause is inapplicable, the application in substance is a Section 2255 motion. It was not properly filed in the Eastern District of New York because that was not the sentencing court. The transfer order was entirely proper because the action could and should have been brought here.[44]

■ Where, as here, a federal prisoner files what is described as a Section 2241 petition but what in substance is a second or successive Section 2255 motion, the proper disposition of the application depends upon a number of circumstances. If the applicant is proceeding *pro se* and might pursue a timely Section 2255 motion, the district court may not treat the application as a Section 2255 motion absent notice to the prisoner in view of the risk that such a characterization might foreclose other avenues of collateral attack.[45] If, on the other hand, the prisoner already has had one or more Section 2255 motions denied on the merits, the district court may treat an erroneously denominated petition as a Section 2255 motion without notice and transfer it to the Court of Appeals for a determination whether to allow it.[46] And if it "concludes that it lacks jurisdiction over a § 2241 petition, a district court always has the option just to dismiss it."[47]

In this case, Bellomo is represented by counsel, and it is doubtful that a Section 2255 motion would be timely. The Court therefore has the option of (1) recharacterizing the petition as a Section 2255 motion and transferring it to the Court of Appeals for a gate keeping determination under AEDPA or (2) dismissing it as a Section 2241 petition over which it lacks jurisdiction. Given Bellomo's forum shopping efforts thus far, dismissal seems an unattractive option. It would run the risk of another attempted filing in the Eastern District of New York or some other district in which Bellomo finds himself now.

In view of this conclusion, it is unnecessary to determine whether this Court would have jurisdiction to decide the petition if it properly were brought under Section 2241.

### III

For the foregoing reasons, the Court treats the petition as a successive motion under Section 2255. It may not entertain the motion absent a determination by the Court of Appeals to allow it, and so hereby transfers the action to the United States Court of Appeals for the Second Circuit for a determination whether to permit Bellomo to proceed with it. The motion to amend the petition is denied on the ground that amendment would be futile.

SO ORDERED.

---

sion, however, he viewed such proof as essential only in order for Bellomo to prevail on the merits of the petition. This Court, however, views such proof as essential also to the raising of a serious constitutional question for the purposes of determining the availability of a Section 2241 petition through the savings clause of Section 2255.

44. 28 U.S.C. §§ 1404(a), 2255; *United States v. Hayman*, 342 U.S. 205, 220–21, 72 S.Ct. 263, 96 L.Ed. 232 (1952) (very purpose of § 2255 is to channel federal petitioners' col-

lateral attacks on their convictions to the sentencing court).

45. *E.g., Cephas*, 328 F.3d at 104 n. 5; *Adams v. United States*, 155 F.3d 582, 583–84 (2d Cir.1998).

46. *Cephas*, 328 F.3d at 104 n. 5; *Roccisano*, 293 F.3d at 57–58.

47. *Cephas*, 328 F.3d at 104 n. 5.