**Orville CEPHAS, Petitioner–Appellant,**

**v.**

**John NASH, Warden, Ray Brook Federal Correctional Institution, Respondent–Appellee.**

**Docket No. 02–2152.**

United States Court of Appeals, Second Circuit.

Argued: Jan. 23, 2003.

Decided: April 30, 2003.

---

Orville Cephas, Ray Brook, New York, Petitioner–Appellant, pro se.

Barbara D. Cottrell, Assistant United States Attorney, Northern District of New York, Albany, New York (Joseph A. Pavone, United States Attorney),for Respondent–Appellee.

Before: NEWMAN, KATZMANN, and RAGGI, Circuit Judges.

RAGGI, Circuit Judge.

Petitioner–Appellant Orville Cephas, who is presently incarcerated for violations of federal narcotics and firearms laws, appeals *pro se* from a judgment of the District Court for the Northern District of New York (Lawrence E. Kahn, *Judge* ), dismissing his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. In that petition, Cephas argued that (1) in light of the Supreme Court decisions in *Bailey v. United States*, 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995), and *Muscarello v. United States*, 524 U.S. 125, 118 S.Ct. 1911, 141 L.Ed.2d 111 (1998), he was actually innocent of carrying a firearm in violation of 18 U.S.C. § 924(c); and (2)

in light of *Richardson v. United States*, 526 U.S. 813, 119 S.Ct. 1707, 143 L.Ed.2d 985 (1999), he was actually innocent of participating in a continuing criminal enterprise ("CCE") in violation of 21 U.S.C. § 848(a). The district court concluded that it lacked jurisdiction to hear Cephas's § 2241 challenge because petitioner had failed to demonstrate that 28 U.S.C. § 2255 was inadequate or ineffective to test the legality of his conviction. *See Triestman v. United States*, 124 F.3d 361, 377 (2d Cir.1997). We agree with the district court that Cephas cannot invoke § 2241 jurisdiction to claim actual innocence with respect to his § 924(c) conviction because he has already unsuccessfully raised such a claim in a § 2255 motion, and *Muscarello v. United States* provides no new support for his argument. As for Cephas's *Richardson*-based challenge to his § 848(a) conviction, which the district court did not specifically address, we conclude that Cephas's inability to pursue this claim in a § 2255 motion does not give rise to § 2241 jurisdiction where it is plain on the existing record that Cephas cannot demonstrate actual innocence. *See Adirondack Transit Lines, Inc. v. United Transp. Union, Local 1582*, 305 F.3d 82, 88 (2d Cir.2002) (observing that appellate court may affirm on any basis supported by the record). Accordingly, we affirm the judgment of the district court.

## I. Background

### A. Cephas's 1990 Conviction for Narcotics Trafficking and Firearms Possession

On July 28, 1988, a federal grand jury sitting in the Northern District of New York charged Orville Cephas, together with eleven other persons, in a thirty-one count superseding indictment with violations of federal narcotics and firearms laws in connection with a drug network operat-

ing out of Saratoga Springs, New York. In 1990, following a jury trial, Cephas was convicted of (1) participating in a CCE, *see* 21 U.S.C. § 848(a); (2) four substantive counts of drug distribution, *see* 21 U.S.C. § 841(a)(1);[1] and (3) ten counts of using or carrying a firearm in furtherance of a drug trafficking crime, *see* 18 U.S.C. § 924(c). For these crimes, Cephas was sentenced to a total of 271–months' incarceration.[2] On direct appeal, this court affirmed the conviction. *See United States v. Cephas,* 937 F.2d 816 (2d Cir.1991).

## B. *Section 2255 Motion*

Five years later, on November 5, 1996, Cephas and various of his co-defendants, through counsel, moved for collateral relief pursuant to 28 U.S.C. § 2255, asserting, *inter alia,* that their convictions on multiple firearms counts, all relating to a single drug trafficking offense, were at odds with this court's decision in *United States v. Lindsay,* 985 F.2d 666, 672–76 (2d Cir. 1993), and that the instructions and evidence on each firearms count were inadequate in light of the Supreme Court's ruling in *Bailey v. United States,* 516 U.S. at 144–45, 116 S.Ct. 501, 133 L.Ed.2d 472

(1995) (requiring showing of active employment of a firearm to prove unlawful "use" under 18 U.S.C. § 924(c)(1)). In a detailed memorandum decision dated October 23, 1997, the district court granted so much of the § 2255 motion as relied on *United States v. Lindsay* and, in Cephas's case, vacated nine of his ten firearms convictions, a ruling that did not alter his sentence. Nevertheless, it denied that part of the motion relying on *Bailey v. United States,* finding that any defect in the jury instruction on "use" of a firearm was harmless because both the instruction and the evidence were sufficient to satisfy the alternative "carry" prong of § 924(c). *See United States v. Pimentel,* 83 F.3d 55, 58–60 (2d Cir.1996).[3] In so ruling, the court specifically declined to consider a claim that the trial evidence was insufficient to establish that a firearm was carried "during and in relation to" a drug trafficking crime, because the relationship element of § 924(c) had not been affected by *Bailey* so as to excuse defendants' failure to raise this argument on direct appeal.

Defendants thereafter moved in the district court for reconsideration as well as a

---

1. Cephas's four substantive convictions for drug distribution are as follows:

 *Count IV*—distribution of an unspecified quantity of cocaine in Saratoga Springs on November 16, 1987;
 *Count V*—distribution of more than five grams of crack cocaine in Saratoga Springs on November 18, 1987 at approximately 7:00 p.m.;
 *Count VI*—distribution of another five grams of crack cocaine in Saratoga Springs on November 18, 1987 at approximately 11:30 p.m.; and
 *Count VII*—distribution of an unspecified quantity of cocaine in Saratoga Springs on November 18, 1987 at approximately 11:30 p.m.

2. This sentence represents a 151–month term on the CCE count run concurrently with two

60–month and two 120–month terms on the four narcotics counts, which then run consecutively to one 120–month term on an aggravated firearms count run concurrently with nine 60–month terms on other firearms counts.

3. Like the defendant in *Pimentel,* Cephas did not himself "carry" the firearm at issue in the count of conviction. Rather, he was convicted on a *Pinkerton* theory for the foreseeable criminal conduct of a confederate. *See Pinkerton v. United States,* 328 U.S. 640, 646–48, 66 S.Ct. 1180, 90 L.Ed. 1489 (1946) (holding that a defendant who does not directly commit a substantive offense may nevertheless be liable if the commission of the offense by a co-conspirator in furtherance of the conspiracy was reasonably foreseeable to the defendant as a consequence of their criminal agreement).

certificate of appealability, both of which were denied on February 3, 1998. Defendants were equally unsuccessful in moving in this court for a certificate of appealability or an order of remand in light of the Supreme Court's intervening decision in *Muscarello v. United States*, 524 U.S. at 126 (holding that "carry" prong of § 924(c) was not limited to the carrying of weapons directly on one's person but could include knowing possession and conveyance in a vehicle). *See Cephas v. United States*, Nos. 98–2112, 98–2113, 98–2114, 98–2115 (2d Cir. Oct. 22, 1999).

### C. *Application to File a Second § 2255 Motion*

In the interim, Cephas also filed a *pro se* application with this court seeking leave to file a second § 2255 motion, *see* 28 U.S.C. § 2244(b)(3), in light of the Supreme Court's decisions in *Muscarello* and *Richardson v. United States*, 526 U.S. at 815, 119 S.Ct. 1707 (holding that jury must unanimously agree as to the specific violations of the drug laws that make up the "continuing series" element of a § 848 crime). The application was summarily denied because Cephas's proposed § 2255 motion was not based on either "newly discovered evidence or a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court." *Cephas v. United States*, No. 99–3560 (2d Cir. Oct. 13, 1999). Nevertheless, the court noted that its order was entered "without prejudice" to Cephas's filing "a petition under § 2241(c)(3)" in light of the ruling in *Triestman v. United States*, 124 F.3d 361. *Id.*

### D. *Section 2241 Petition*

On May 25, 2000, Cephas filed a *pro se* § 2241 petition for a writ of habeas cor-

pus in the Northern District of New York asserting that (1) in light of *Bailey* and *Muscarello*, he was actually innocent of the § 924(c) count of conviction because the trial evidence failed to establish that the handgun at issue was carried "during and in relation to" a drug trafficking crime; and (2) in light of *Richardson*, he was actually innocent of the CCE conviction because the jury had not been required to agree unanimously on the specific drug violations that established the requisite continuing series. A few months later, counsel entered a notice of appearance on Cephas's behalf and filed a memorandum of law supporting these claims.

The magistrate judge to whom the case was referred concluded preliminarily that because Cephas claimed actual innocence, he could pursue his collateral challenge under § 2241 in light of *Triestman* and, accordingly, set a schedule for the government's response. The government moved for dismissal on the grounds that Cephas's petition was in fact an impermissible successive § 2255 motion.

A second magistrate judge, to whom the case was reassigned, agreed that the court lacked jurisdiction to grant Cephas § 2241 relief and recommended dismissal. While acknowledging that *Triestman* permitted prisoners claiming actual innocence to file § 2241 challenges to their convictions and sentence if § 2255 afforded inadequate or ineffective relief, the magistrate judge concluded that Cephas did not fit into this narrow category for the simple reason that his *Bailey* claim had been rejected on his first § 2255 motion and his *Muscarello* claim had been considered by this court when it rejected his motion to file a second § 2255 motion.[4] In recommending dismissal for lack of jurisdiction, the magis-

---

4. In fact, this court's refusal to grant Cephas leave to file a second § 2255 motion based on

*Muscarello* did not address the merits of this claim.

trate judge did not address petitioner's *Richardson* claim.

Neither did Cephas allude to his *Richardson* claim in objections filed by counsel to the magistrate judge's report. Instead, he asserted simply that no court had ruled on the merits of his *Muscarello* claim. Further, because the first magistrate judge assigned to Cephas's case had concluded that petitioner could pursue his collateral challenge pursuant to § 2241, Cephas submitted that the second magistrate judge was obliged to rule on the merits of his petition. The district court was unconvinced and dismissed Cephas's § 2241 petition for lack of jurisdiction, adopting the reasons recommended by the magistrate judge.

## II. *Discussion*

### A. *Dismissal of a Habeas Corpus Petition*

■ Title 28 U.S.C. § 2243 provides that a federal court presented with a petition for a writ of habeas corpus "shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." Implicit in this directive is the power to dismiss a habeas petition when it is patently apparent that the court lacks jurisdiction to grant the relief demanded. *See also* Rule 4(b) of the Rules Governing Section 2255 Proceedings (providing for summary dismissal of § 2255 challenges to federal convictions "[i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court"); Rule 4 of the Rules Governing Section 2254 Cases (providing for summary dismissal of § 2254 challenges to state convictions).

■ We review *de novo* a district court decision to dismiss for lack of subject matter jurisdiction a habeas petition filed pursuant to 28 U.S.C. § 2241. *See St. Cyr v. INS.*, 229 F.3d 406, 409 (2d Cir.2000), *aff'd,* 533 U.S. 289, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001); *accord Wang v. Ashcroft,* 320 F.3d 130, 139–40 (2d Cir.2003); *Kuhali v. Reno,* 266 F.3d 93, 99 (2d Cir.2001).

### B. *Section 2241 Jurisdiction*

■ The Judiciary Act of 1789, ch. 20, § 14, 1 Stat. 73, 81–82, conferred jurisdiction upon federal courts to issue writs of habeas corpus to prisoners in the custody of the United States. *See McCleskey v. Zant,* 499 U.S. 467, 477–78, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991); *United States v. Hayman,* 342 U.S. 205, 210, 72 S.Ct. 263, 96 L.Ed. 232 (1952). That grant of jurisdiction is presently codified at 28 U.S.C. § 2241, which permits federal courts to entertain habeas corpus petitions from federal prisoners "in custody in violation of the Constitution or laws or treaties of the United States." *See Jiminian v. Nash,* 245 F.3d 144, 147 (2d Cir.2001); *Triestman v. United States,* 124 F.3d at 373. With the enactment of 28 U.S.C. § 2255, however, Congress restricted the exercise of § 2241 jurisdiction, *see Triestman v. United States,* 124 F.3d at 373–74 (describing effect of § 2255 in restricting the rights of federal prisoners to proceed under § 2241), such that federal prisoners challenging the legality of their convictions or sentences must proceed by way of motion pursuant to 28 U.S.C. § 2255, with § 2241 petitions generally reserved for challenges to "the *execution* of a federal prisoner's sentence," *Jiminian v. Nash,* 245 F.3d at 146–47 (emphasis in original); *accord Roccisano v. Menifee,* 293 F.3d 51, 57 (2d Cir.2002).

Nevertheless, as we recognized in *Triestman,* at the same time that § 2255 re-

stricts § 2241 jurisdiction, it explicitly recognizes an important exception to the general rule that a federal prisoner must use § 2255 instead of § 2241 when challenging the legality of a conviction or sentence. *See* 124 F.3d at 373–74. Specifically, § 2255 provides:

An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

(emphasis added). In *Triestman,* we observed that the highlighted "savings clause" in § 2255 may well serve to displace that statute's limitation on federal collateral review in circumstances where such a limitation might encounter constitutional challenge. *See* 124 F.3d at 377.

■ The net result of this statutory scheme is to limit federal jurisdiction to hear habeas claims based on the invalidity of a federal conviction or sentence to

§ 2255 unless a petitioner can show that a motion pursuant to that section is "inadequate or ineffective to test the legality of his detention." If such a showing can be made, federal courts retain jurisdiction to hear the habeas petition pursuant to § 2241. But if the necessary showing cannot be made, § 2241 cannot be invoked, and the district court must either dismiss the habeas petition for lack of jurisdiction or recast it as a § 2255 motion.[5]

■ In *Triestman,* this court considered the meaning of the term "inadequate and ineffective" in the savings clause of § 2255 and determined that it referred to those cases "in which the petitioner cannot, for whatever reason, utilize § 2255, and in which the failure to allow for collateral review would raise serious constitutional questions." *Triestman v. United States,* 124 F.3d at 377. We predicted that the types of cases raising such serious constitutional questions would be "relatively few," *id.* at 378, and to date we have recognized only one: cases involving prisoners who (1) can prove "actual innocence on the existing record," and (2) "could not have effectively raised [their] claim[s] of innocence at an earlier time." *Id.* at 363.[6]

---

5. How a district court proceeds may depend on the prisoner's history of collateral challenge. Where a *pro se* prisoner can still pursue a timely § 2255 motion, a district court may not construe an improperly filed § 2241 petition as a § 2255 motion without notice to the prisoner, who can then decide either to agree to the recharacterization or to withdraw his filing. *See generally Adams v. United States,* 155 F.3d 582, 583–84 (2d Cir.1998) (per curiam) (discussing risk of prematurely foreclosing collateral review in light of 1996 limitations on successive filings). Where a prisoner has already had one or more § 2255 motions dismissed on the merits, however, no such notice is required for a district court to convert the improperly filed § 2241 petition to a § 2255 motion and to transfer it to this court for a determination whether to allow a successive motion. *See Roccisano v. Menifee,*

293 F.3d 51 at 56–58. But where, as in this case, the latter option is not available because this court has already denied petitioner leave to file a successive § 2255 motion based on the same claims now raised in a § 2241 petition, then, upon concluding that it is without jurisdiction to hear the claims pursuant to § 2241, the district court should simply dismiss the petition. Indeed, if it concludes that it lacks jurisdiction over a § 2241 petition, a district court always has the option just to dismiss it.

6. Our sister circuits have articulated similar tests for determining when § 2241 jurisdiction is triggered by the savings clause in § 2255, generally focusing on two issues: (1) the petitioner's actual innocence, and (2) the retroactivity of a new principle of law. *See Reyes–Requena v. United States,* 243 F.3d 893,

C. *Cephas's Attempt To Invoke § 2241 Jurisdiction*

■ Cephas insists that he fits within the savings clause exception of § 2255 and, therefore, can petition for habeas relief pursuant to § 2241 because (1) this court has denied him leave to file a successive § 2255 motion, (2) he is actually innocent of two counts of his conviction in light of the Supreme Court's decisions in *Muscarello* and *Richardson,* and (3) he could not have raised his innocence claim on direct appeal or in his first § 2255 motion because neither *Muscarello* nor *Richardson* had then been decided. Cephas's first point—our refusal to allow him to raise his *Muscarello* and *Richardson* claims in a second § 2255 motion—is undisputed. Equally apparent from the record, however, is Cephas's patent inability to establish his last two points. Were there any question in this regard, it would have been inappropriate for the district court to dismiss Cephas's habeas petition for lack of jurisdiction. *See generally Triestman v. United States,* 124 F.3d at 380 (holding that § 2241 is available to test the legality of a conviction where prisoner may in fact be innocent of the crime of conviction and has had no prior effective opportunity to raise his claim). But where, as in Cephas's case, petitioner invokes § 2241 jurisdiction to raise claims that clearly could have been pursued earlier, or where his asserted innocence is plainly belied by the record, then the savings clause of § 2255 is not triggered and dismissal of the § 2241 petition for lack of jurisdiction is warranted.

1. *The § 924(c) Conviction*

■ Cephas claims that he is actually innocent of violating § 924(c) because the trial evidence failed to prove that his con-

902–03, 904 (5th Cir.2001) (discerning these principles from the applicable cases and stating as its own test: petitioner's claim (1) "is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense," and (2) was "foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion"); *In re Jones,* 226 F.3d 328, 333–34 (4th Cir.2000) (holding that § 2241 petition may be pursued if "(1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law"); *Wofford v. Scott,* 177 F.3d 1236, 1244 (11th Cir.1999) (holding that § 2241 petition may be heard when (1) "claim is based upon a retroactively applicable Supreme Court decision," which (2) "establishes [that] petitioner was convicted for a nonexistent offense," and (3) "circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion"); *In re Davenport,* 147 F.3d 605, 611–12 (7th Cir.1998) (holding that § 2241 relief is available if (1) prisoner "had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion," (2) the change in law was "made retroactive by the Supreme Court," (3) the change "eludes the permission in section 2255 for successive motions," and (4) the change is not merely "a difference between the law in the circuit in which the prisoner was sentenced and the law in the circuit in which he is incarcerated"); *In re Dorsainvil,* 119 F.3d 245, 251 (3d Cir.1997) (holding that § 2241 is available where record indicates prisoner "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate" and where the government concedes that the change in law "should be applied retroactively").

Although we review Cephas's § 2241 petition in light of our holding in *Triestman,* we note that it could not survive a motion to dismiss under any of these circuit standards.

federate carried a firearm "during and in relation to" a drug trafficking crime. Cephas could have raised this claim on direct appeal and did raise it on his § 2255 motion, both long before the Supreme Court decision in *Muscarello*.

Indeed, Cephas misapprehends the import of *Muscarello*. In that case the Supreme Court's focus was on the phrase "carries a firearm" and on the question of whether its use in § 924(c) referred only to individuals who carried firearms on their persons. In rejecting such a narrow interpretation, *see Muscarello v. United States*, 524 U.S. at 126, the Supreme Court reviewed the statute's legislative history, observing, among other things, that a broad interpretation of the word "carry" did not equate to a prohibition on all firearm possession because the "during and in relation to" requirement of § 924(c) was intended "in part to prevent prosecution where guns 'played' no part in the crime," *id.* at 137–38, 118 S.Ct. 1911.

 This last statement, which Cephas emphasizes, was hardly a new insight. The need to prove a relationship between the predicate crime and the use or carrying of a firearm to convict a defendant pursuant to § 924(c) was well established at the time of Cephas's conviction. In *United States v. Feliz–Cordero*, 859 F.2d 250 (2d Cir.1988), this court cited to the same legislative history as the Supreme Court in *Muscarello* and concluded that the "during and in relation to" requirement of § 924(c)

> requires more than mere possession of a firearm. Rather, there must be some relation or connection between the firearm and the underlying crime. The necessary relation or connection ... is established "if from the circumstances or otherwise it could be found that the defendant intended to use the gun if a contingency arose or to make his escape."

*Id.* at 254 (emphasis omitted) (quoting S.Rep. No. 98–225, at 314 n.10 (1983), *reprinted in* 1984 U.S.C.C.A.N. 3182, 3492 n.10).[7] Further demonstrating that the relationship requirement was well established at the time of Cephas's conviction is the fact that the district judge who presided at Cephas's criminal trial repeatedly instructed the jury on the prosecution's burden to prove this element beyond a reasonable doubt. Had Cephas thought the evidence insufficient to establish this element, he could certainly have pressed this point on direct appeal.[8]

---

7. The relationship requirement of § 924(c) led this court to adopt a broader interpretation of the statute's prohibition on "use" of a firearm than the Supreme Court would later approve in *Bailey v. United States*, 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995). *See United States v. Triestman*, 178 F.3d 624, 627 (2d Cir.1999) (noting that *Bailey* effectively overruled the broader Second Circuit test for "use" of a firearm articulated in cases such as *United States v. Feliz–Cordero*, 859 F.2d at 254). Nevertheless, there is no doubt that the need to prove a relationship between the use or carrying of a firearm and the felony specified in § 924(c) was well established at the time of Cephas's conviction.

8. It is doubtful that Cephas would have succeeded on such a claim. The jury heard evidence of at least two occasions when Cephas's confederate carried the firearm in question under circumstances that the prosecution contended were "during and relation to" the charged drug crimes: (1) when the confederate traveled from Albany to New York City to resolve some problems with the enterprise's drug suppliers, on which occasion the firearm, an Ithaca .45, was equipped with a silencer; and (2) when a government witness met with Cephas and the confederate at the latter's residence to inquire about selling drugs for the enterprise. To reverse Cephas's § 924(c) conviction, a reviewing court would have had to conclude that no "rational trier of fact" could have found the relationship element of § 924(c) proved beyond a reasonable doubt, which appears unlikely if

It was precisely because Cephas had inexcusably failed to raise such a challenge on direct appeal that the district court correctly refused to entertain the claim when, five years after conviction, Cephas moved for § 2255 relief. *See Bousley v. United States*, 523 U.S. 614, 622–23, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998) (holding that defendant who fails to raise a claim on direct appeal cannot pursue it in a habeas petition unless he demonstrates either cause for the default and ensuing prejudice for the default or actual innocence, the latter meaning "factual innocence, not mere legal insufficiency"); *accord Underwood v. United States*, 166 F.3d 84, 87–88 (2d Cir.1999). The fact that Cephas's procedural default of an available § 924(c) claim thereafter barred him from raising the issue in a § 2255 motion cannot, without more, demonstrate that § 2255 is an "inadequate or ineffective" remedy so as to trigger § 2241 jurisdiction. *See Jiminian v. Nash*, 245 F.3d at 147–48 (holding that where prisoner is procedurally barred from using § 2255 to raise a claim that was previously available on direct appeal or in a prior § 2255 motion, no "serious constitutional questions" are raised requiring collateral review pursuant to § 2241 (clarifying *Triestman*, 124 F.3d at 377)).

Because Cephas's § 924(c) claim is one that he could plainly have raised on direct appeal, it simply does not fall within the savings clause of § 2255 so as to support the exercise of § 2241 jurisdiction. *See Triestman*, 124 F.3d at 363.

### 2. *The § 848(a) Conviction*

Cephas submits that he is actually innocent of participating in a CCE because "contrary to *Richardson v. United States*,

the evidence were viewed in the light most favorable to the prosecution, as it must be. *See Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *accord*

526 U.S. 813, 819, 119 S.Ct. 1707, 143 L.Ed.2d 985 (1999), the jury was not asked to agree on the specific series of crimes before convicting." (Petitioner Mem. at 2.)

■ This claim was not specifically addressed by the magistrate judge in his report recommending dismissal of the § 2241 petition, and Cephas's counsel did not question this omission in his objections to the district court. As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point. *See Mario v. P & C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir.2002) (failure to object to portion of magistrate's report and recommendation ordinarily will constitute waiver of challenge to that aspect of report). Nevertheless, because the waiver rule is non jurisdictional, we "may excuse the default in the interests of justice," *Thomas v. Arn*, 474 U.S. 140, 155, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985), and if Cephas were able to advance a colorable claim that he was actually innocent of participating in a CCE, we might well exercise our discretion to do so.

■ In fact, however, it is plain that Cephas cannot demonstrate actual innocence on the existing record. At trial, the jury found Cephas guilty beyond a reasonable doubt of four substantive narcotics charges as well as the CCE count. We confronted a similar situation in a § 2255 *Richardson*-based challenge in *Santana–Madera v. United States*, 260 F.3d 133 (2d Cir.2001), an appeal from a § 2255 challenge to a CCE conviction. We there ruled that the *Richardson* error was harmless "beyond a reasonable doubt," *see Chapman v. California*, 386 U.S. 18, 24, 87

*United States v. Moreno*, 181 F.3d 206, 211 (2d Cir.1999); *United States v. Canady*, 126 F.3d 352, 356 (2d Cir.1997).

S.Ct. 824, 17 L.Ed.2d 705 (1967), because the jury's unanimous agreement on nine violations of federal drug laws put "beyond cavil" the conclusion that the jury "would have unanimously agreed on three predicate violations of the drug laws," *Santana–Madera v. United States*, 260 F.3d at 141. The same logic compels the conclusion in this case that the existing record cannot support Cephas's claim of actual innocence on the CCE count. *See also Jeffers v. Chandler*, 253 F.3d 827, 831 (5th Cir.2001) (holding that *Richardson* error in CCE instruction did not demonstrate that prisoner was "convicted for conduct that did not constitute a crime" so as to trigger "actual innocence" prong of § 2255 savings clause and permit § 2241 review).

In sum, federal habeas jurisdiction as to claims challenging the invalidity of a federal conviction or sentence is restricted to 28 U.S.C. § 2255 except to the extent that remedy is "inadequate or ineffective." Where a habeas petitioner asserts actual innocence as part of an effort to argue the inadequacy or ineffectiveness of § 2255, he must both state a colorable basis for that claim and demonstrate his inability effectively to have raised it at an earlier time. Cephas cannot satisfy this standard. His sufficiency challenge to his § 924(c) conviction could have been raised on direct appeal without need for the Supreme Court's subsequent decision in *Muscarello v. United States*, 524 U.S. 125, 118 S.Ct. 1911, 141 L.Ed.2d 111. As for Cephas's *Richardson*-based claim of actual innocence on his CCE conviction, the jury verdict of guilty on four substantive narcotics violations conclusively negates this assertion. Accordingly, we hold that the district court did not err in dismissing Cephas's § 2241 habeas petition for lack of jurisdiction.

---

* This Opinion was originally issued as a not-precedential opinion. By Order of the Court dated May 9, 2003, the Opinion was designated for publication.

### III. *Conclusion*

The district court judgment dismissing Cephas's § 2241 petition for a writ of habeas corpus is hereby AFFIRMED.