SUMMARY ORDER
Joel Spigelman appeals from a judgment of conviction in the United States District Court for the Southern District of New York. A jury found Spigelman guilty of intentional murder, felony murder in aid of racketeering, murder through the use of a firearm, and conspiracy to distribute and possess with intent to distribute cocaine. The district court sentenced Spigelman principally to four concurrent life terms of imprisonment. On appeal, Spigelman challenges only his conviction for murder “through the use of a firearm” pursuant to 18 U.S.C. § 924(j). We assume the parties’ familiarity with the facts and procedural history of this case, and the issues presented on appeal.
Spigelman makes two challenges. First, he argues that the district court erroneously denied his motion pursuant to Fed. R.Crim.P. 29 to dismiss the § 924(j) charge.
We review de novo a district court’s denial of a Rule 29 motion, applying the same standard for sufficiency of the evidence as the district court. That standard places a heavy burden on the defendant, whose conviction must be affirmed if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.
*107 United States v. Bullock, 550 F.3d 247, 251 (2d Cir.2008) (internal quotation marks, alterations, and citations omitted; emphasis in original).
Spigelman was convicted of violating § 924(j) based on liability under Pinkerton v. United States, 328 U.S. 640, 646, 66 S.Ct. 1180, 90 L.Ed. 1489 (1946), pursuant to which “ ‘a defendant who does not directly commit a substantive offense may nevertheless be liable if the commission of the offense by a co-conspirator in furtherance of the conspiracy was reasonably foreseeable to the defendant as a consequence of their criminal agreement,’ ” United States v. Parkes, 497 F.3d 220, 232 (2d Cir.2007), cert. denied, — U.S. —, 128 S.Ct. 1320, 170 L.Ed.2d 133 (2008) (quoting Cephas v. Nash, 328 F.3d 98, 101 n. 3 (2d Cir.2003)). Spigelman contends that a rational jury could not conclude beyond a reasonable doubt that it was reasonably foreseeable to him that the woman he ordered to be killed would be murdered through the use of a firearm.
We think otherwise. Spigelman had previously incited participants in the conspiracy to commit other crimes in which the use of firearms was to be expected. For example, he suggested that Castro and Porcelana — both of whom were in the crew that committed the murder at issue — break into drug dealers’ homes to rob them of drugs. It is reasonable to conclude such hazardous activity requires the use of firearms. In addition, Spigelman specifically instructed Castro and others to “hold ... up” female couriers for money orders. The term “hold up” often implies the use of a firearm. See American Heritage Dictionary of the English Language (4th ed.2000) (“hold up 1. To obstruct or delay. 2. To rob while armed, often at gunpoint.” (emphasis added)). In light of Spigelman’s reasonable expectation of firearms being used in past crimes with which he was involved, a rational jury could well conclude that it was reasonably foreseeable to Spigelman that a firearm would be used in the crime for which he was tried. The district court therefore correctly denied the Rule 29 motion.
Second, Spigelman argues that the district court’s Pinkerton charge on the § 924(j) count did not make sufficiently clear that the jury, to convict, had to find beyond a reasonable doubt that it was reasonably foreseeable to Spigelman that a firearm be used in the charged murder. We think there was no such error in the charge. The charge provided that the jury could convict Spigelman of violating § 924(j) if it concluded beyond a reasonable doubt, inter alia, that “the defendant could have reasonably foreseen that the substantive crime charged in murder through the use of a firearm count [sic] might be committed by his co-conspirator [in the narcotics conspiracy].” This language requires, by its terms, a finding that “the substantive crime” be foreseeable. Because the jury was also charged on the elements of the substantive crime, including the firearm element, it was perfectly clear to the jury that in order to convict Spigelman on a PinkeHon theory it had to conclude the firearm element was reasonably foreseeable to Spigelman.
We note that the jury charge included a fleeting reference to aiding and abetting liability, even though the district court concluded that the evidence was insufficient as to that theory of liability. Spigelman does not explain how such an isolated inconsistency might have prejudiced the rest of the carefully crafted foreseeability language in the charge on the § 924(j) count. We think there was no such prejudice.
We have considered Spigelman’s remaining arguments and find them to be without merit.
*108 For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.