10-4438-cv
Massie v. Metropolitan Museum of Art

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 6th day of January, two thousand twelve.

PRESENT:
GUIDO CALABRESI,
ROBERT A. KATZMANN,
BARRINGTON D. PARKER,
*Circuit Judges*.

_____

Richard Massie,

*Plaintiff-Appellant*,

v.                                          10-4438-cv

Metropolitan Museum of Art,

*Defendant-Appellee*.

_____

FOR APPELLANT:          Richard Massie, *pro se*, Bronx, NY.

FOR APPELLEE:           Allan S. Bloom, Paul, Hastings, Janofsky & Walker LLP, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of

New York (Rakoff, *J.*).

**UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Richard Massie, proceeding *pro se*, appeals from the district court's judgment granting the motion of the Metropolitan Museum of Art (the "Met") to dismiss as time-barred certain claims raised in his employment discrimination complaint and granting the Met's motion for summary judgment with respect to his remaining claim for retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* a district court's dismissal of a complaint pursuant to Rule 12(b)(6), construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor. *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). Additionally, we review an order granting summary judgment *de novo* and ask whether the district court properly concluded that there were no genuine issues of material fact and that the moving party was entitled to judgment as a matter of law. *See Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003). In determining whether there are genuine issues of material fact, we are "required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003) (internal quotation marks omitted). However, "conclusory statements or mere allegations [are] not sufficient to defeat a summary judgment motion." *Davis v. New York*, 316 F.3d 93, 100 (2d Cir. 2002).

Here, Massie has waived any challenge to the district court's decision granting the Met's motion to dismiss by raising such a challenge for the first time in his reply brief, *see Conn. Bar*

*Ass'n v. United States,* 620 F.3d 81, 91 n. 13 (2d Cir. 2010), and has waived any challenge to the court's decision granting the Met's summary judgment motion by failing to raise such a challenge in his objections to the relevant magistrate judge report, *see Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003). Moreover, even if we were to reach the merits of the district court's decisions, we would affirm the district court's judgment for substantially the same reasons stated by the magistrate judge in his thorough and well-reasoned reports. The magistrate judge correctly concluded that any claims in Massie's complaint based on the June 2004 or February 2006 charges that he filed with the New York State Division of Human Rights were untimely under the applicable 90-day limitations period. *See* 42 U.S.C. § 2000e-5(f)(1). The arguments in Massie's reply brief challenging this conclusion are inapposite as they rely on his lack of knowledge of the alleged violations at issue, which is irrelevant to the limitations period applied by the district court. Additionally, the magistrate judge correctly concluded that the Met was entitled to summary judgment on Massie's retaliation claim because he failed to dispute the Met's evidence establishing that there was a legitimate, non-retaliatory reason for his termination and subsequent reinstatement subject to a suspension; namely, his abandonment of his security post in April 2006.

We have considered Massie's other arguments on appeal and have found them to be without merit. Accordingly, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3