Young v. Laboratory Corporation of America Holdings

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of January, two thousand thirteen.

PRESENT:
            ROBERT A. KATZMANN,
            PETER W. HALL,
                    *Circuit Judges.*[1]

---

Sinatra Young,

                    *Plaintiff-Appellant*,

            v.                                                    11-3856

Laboratory Corporation of America Holdings,

                    *Defendant-Appellee*.

---

FOR APPELLANT:            Sinatra Young, *pro se*, Brooklyn, NY.

FOR APPELLEE:             Robert I. Steiner and Sean R. Flanagan, Kelley Drye & Warren, LLP, New York, NY.

Appeal from a judgment of the United States District Court for the Eastern District of

New York (Gleeson, *J.*).

---

[1] Because Judge John M. Walker, Jr., originally assigned to this panel, recused himself from this case, the remaining two judges issue this order in accordance with Second Circuit Internal Operating Procedure E(b).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Sinatra Young, proceeding *pro se*, appeals from the district court's *sua sponte* dismissal of his defamation action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

The Second Circuit has "adopted the rule that failure to object timely to a magistrate judge's report may operate as a waiver of any further judicial review of the decision, as long as the parties receive clear notice of the consequences of their failure to object." *United States v. Male Juvenile (95-CR-1074)*, 121 F.3d 34, 38 (2d Cir. 1997). The magistrate judge gave Young adequate notice that he was required to file objections to the report and recommendation, specifically informing him that failure to do so would result in a waiver of his right to appellate review and citing the pertinent statutory and civil rules as well as relevant case law. Young did not object and consequently waived his right to appellate review. Moreover, in light of the record as a whole, the "interests of justice" do not warrant excusing Young's default. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003).

We have considered Young's remaining arguments on appeal and find them to be without merit. For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk