17-339-cv
Amusement Indus., Inc. v. Stern

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of January, two thousand eighteen.

PRESENT:  REENA RAGGI,
                    DEBRA ANN LIVINGSTON,
                    RAYMOND J. LOHIER, JR.,
                                *Circuit Judges*.

-------------------------------------------------------------------------
AMUSEMENT INDUSTRY, INC., a California corporation, d/b/a Westland Industries, PRACTICAL FINANCE CO., INC., a California corporation,
                                *Plaintiffs-Appellees*,


                    v.                                                        No. 17-339-cv


MOSES STERN, a/k/a Mark Stern,
                                *Defendant-Appellant*,


JOSHUA SAFRIN, an individual, FIRST REPUBLIC GROUP REALTY, LLC, a Delaware limited liability company, EPHRAIM FRENKEL, an individual, LAND ASSOCIATES ESCROW, a New York limited liability company, LAND TITLE ASSOCIATES ESCROW, AVERY EGERT, FIRST REPUBLIC GROUP CORP., LAND TITLE ASSOCIATES AGENCY, LLC, a/k/a Land Title Associates,
                                *Defendants*,

1

STEPHEN FRIEDMAN, STEVEN ALEVY, BUCHANAN INGERSOLL & ROONEY P.C., BANKERS CAPITAL REALTY ADVISORS LLC, HERRICK, FEINSTEIN, LLP, ALLEN ALEVY, ALLEN P. SRAGOW, ROBERT FRIEDMAN,

*Third-Party Defendants.*

------------------------------------------------------------------------

FOR APPELLANT:               Brian K. Condon, Condon & Associates, PLLC, Nanuet, New York.

FOR APPELLEES:               John Hofsaess, Westland Real Estate Group, Long Beach, California.

Appeal from a judgment of the United States District Court for the Southern District of New York (Lewis A. Kaplan, *Judge*; Gabriel W. Gorenstein, *Magistrate Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the amended judgment entered on January 6, 2017, is AFFIRMED.

Defendant Moses Stern appeals from an award of summary judgment in favor of plaintiffs Amusement Industry, Inc. d/b/a Westland Industries and Practical Finance Co., Inc. (collectively, "Amusement") on their state-law claims of fraud, conversion, unjust enrichment, and conspiracy arising from a real estate transaction in which Stern obtained $13 million from Amusement in connection with the purchase of a portfolio of retail shopping centers. We review an award of summary judgment *de novo*, construing the evidence in the light most favorable to the non-moving party and drawing all reasonable inferences and resolving all ambiguities in that party's favor. *See Townsend v. Benjamin Enters., Inc.*, 679 F.3d 41, 47 (2d Cir. 2012). We "may affirm on any basis for which there is sufficient support in the record." *Bruh v. Bessemer Venture Partners III L.P.*,

2

464 F.3d 202, 205 (2d Cir. 2006). In applying these principles here, we assume the parties' familiarity with the facts and procedural history of this case, which we reference only as necessary to explain our decision to affirm.

Stern challenges the district court's drawing of adverse inferences from deposition invocations of the Fifth Amendment privilege by Stern and third-party defendant Stephen Friedman. Stern failed to raise this argument as to his own invocation in objecting to Magistrate Judge Gorenstein's August 11, 2016 report and recommendation. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) (stating general rule that failure to object to purported error in magistrate judge's report waives further judicial review of point). Even were we to excuse such waiver, *see id.*, however, Stern's invocation challenges do not warrant vacatur.

While adverse inferences cannot be drawn against a non-moving party at summary judgment based on an invocation of the Fifth Amendment privilege, *see In re 650 Fifth Ave. & Related Props.*, 830 F.3d 66, 93 n.25 (2d Cir. 2016), "invocation of the Fifth Amendment is not a substitute for relevant evidence" and does not free a litigant "from adducing proof in support of a burden which would otherwise have been his," *United States v. Certain Real Prop. & Premises Known as 4003-4005 5th Ave., Brooklyn, N.Y.*, 55 F.3d 78, 83 (2d Cir. 1995) (internal quotation marks omitted). Thus, this court has affirmed an award of summary judgment despite the district court's assumption that adverse inferences could be drawn from deposition invocations of the Fifth Amendment because "the lack of testimony from those witnesses meant that there was no record

3

evidence to dispute the overwhelming evidence" proffered by the moving party. *In re 650 Fifth Ave. & Related Props.*, 830 F.3d at 93 n.25. That is this case.

Our independent review of the record reveals that, for substantially the reasons stated by the magistrate judge in his report and recommendation and adopted by the district court, Amusement proffered sufficient evidence to establish the elements of its claims, with Stern adducing no admissible evidence creating any triable issue of fact. *See Amusement Indus., Inc. v. Stern*, No. 07 Civ. 11586 (LAK) (GWG), 2016 WL 4249965, at *8–15 (S.D.N.Y. Aug. 11, 2016), *adopted by* 2016 WL 6820744 (S.D.N.Y. Nov. 10, 2016). We further note that the district court concluded that evidence showing Amusement's reliance on Stern's misrepresentations "alone [was] sufficient" to support its summary judgment award, that such evidence was merely "buttressed by Stern's invocation of the Fifth Amendment," and that Friedman's invocation of the Fifth Amendment was no more than "icing on the cake." *Amusement Indus., Inc. v. Stern*, No. 07 Civ. 11586 (LAK) (GWG), 2016 WL 6820744, at *2 (S.D.N.Y. Nov. 10, 2016). Thus, to the extent Stern argues the district court granted summary judgment "solely based upon" adverse inferences drawn from the Fifth Amendment invocations, Appellant's Br. at 17, he mischaracterizes the district court's decision.

In urging otherwise, Stern points to a 2009 bankruptcy decision denying Amusement a preliminary injunction preventing First Republic Group Realty, LLC from utilizing disputed funds. *See Amusement Indus., Inc. v. Citigroup Global Mkts. Realty Corp. (In re First Republic Grp. Realty, LLC)*, 421 B.R. 659 (Bankr. S.D.N.Y. 2009). He argues that the decision "paint[s] a much different picture" of the facts in this case,

4

Appellant's Br. at 4, and, in particular, sheds light on the relationships among the various parties involved in the real estate transaction. The argument fails because Stern offers no explanation as to how the bankruptcy court's preliminary factual findings, made years earlier and on a different record, here raise genuine issues of material fact. He does not argue, nor could he, that the requirements of issue preclusion are met as to any disputed issue. *See Proctor v. LeClaire*, 715 F.3d 402, 414 (2d Cir. 2013). Nor does Stern dispute that he subsequently pleaded guilty to having committed perjury in the bankruptcy proceedings. Insofar as Stern relies on the bankruptcy court decision to argue that Amusement's witnesses are generally not credible, such conclusory attacks are insufficient to defeat summary judgment. *See Island Software & Computer Serv., Inc. v. Microsoft Corp.*, 413 F.3d 257, 261 (2d Cir. 2005) (recognizing that "[b]road, conclusory attacks on the credibility of a witness will not, by themselves, present questions of material fact").[1]

Stern further argues that plaintiffs cannot prove his "intent to defraud *Amusement*," Appellant's Br. at 18 (emphasis in original), by relying on statements "made to third-parties" and "not directly to" plaintiffs, Reply Br. at 9 (citing *Pasternack v. Lab. Corp. of Am. Holdings*, 27 N.Y.3d 817, 37 N.Y.S.3d 750 (2016)). While *Pasternack* holds that the reliance element of a fraud claim cannot be proved by reference

---

[1] The same conclusion obtains with regard to Stern's contention that the other opinion he submitted to the district court—an unpublished 2007 California state court decision affirming a judgment against Amusement arising out of an unrelated real estate transaction, *see Amusement Indus., Inc. v. Antin*, No. B181465, 2007 WL 1241548 (Cal. Ct. App. Apr. 30, 2007)—shows "[t]his is clearly not the first time" Amusement has "engaged in such a scheme," Appellant's Br. at 12–13.

5

to a defendant's misrepresentation to a third party, *see* 27 N.Y.3d at 828–29, 37 N.Y.S.3d at 750, the New York Court of Appeals there explicitly distinguished cases in which "the third party acted as a conduit to relay the false statement to plaintiff, who then relied on the misrepresentation to his detriment," *id.* (stating that indirect communication can establish fraud claim, so long as statement was made with intent that it be communicated to plaintiff and that plaintiff rely on it). To the extent plaintiffs' claim is premised on indirect communications, they assert, with record support, that Stern made misrepresentations with intent that they be conveyed to and relied on by Amusement. Accordingly, *Pasternack* affords Stern no relief from the challenged judgment.

Stern nevertheless argues that Amusement cannot show reasonable reliance because its principal, Allen Alevy, testified at his deposition that he understood Friedman to be Amusement's attorney, thereby precluding reasonable belief that Friedman was making representations on behalf of Stern. But Alevy also testified that he understood Friedman to be acting as Stern's attorney. Indeed, record evidence establishes that Friedman served as Stern's "general coun[se]l in this transaction" and that Stern held him out as such. App'x 500. Accordingly, the cited Alevy testimony raises no genuine issue of material fact as to the reasonableness of Amusement's reliance.

Finally, Stern's assertion that plaintiffs have already recovered $26 million from other parties for the injuries at issue is based only on a confidential settlement to which Stern lacks access. Because Stern adduces no evidence to support this assertion, it cannot raise a question of fact to defeat summary judgment. *See Davis v. New York*, 316 F.3d 93, 100 (2d Cir. 2002) (recognizing that "reliance upon conclusory statements or mere

6

allegations is not sufficient to defeat a summary judgment motion"). Nor does Stern cite any authority supporting his proposition that such a recovery creates a genuine dispute of material fact as to causation.[2]

In sum, the record demonstrates that Amusement is entitled to summary judgment on its fraud, unjust enrichment, conversion, and conspiracy claims. We have considered Stern's remaining arguments and conclude that they are without merit. Accordingly, the award of summary judgment in favor of plaintiffs is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

---

[2] Stern also summarily asserts that plaintiffs are not entitled to summary judgment on the conversion claim because "[a]s [Bankruptcy] Judge Glenn found, Amusement ratified the transaction, and proceeded as if it owned the malls" and, thus, "Amusement cannot now claim that Stern is exercising unauthorized dominion or control over its property." Appellant's Br. at 20. We have determined that findings of the bankruptcy court do not here establish triable issues of fact, and Stern points to no record evidence in support of this contention.