21-865-cv
*New Falls Corp. v. Soni Holdings, LLC, et al.,*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of July, two thousand twenty-two.

PRESENT:
> Rosemary S. Pooler,
> Myrna Pérez,
>> *Circuit Judges*,
> Jed S. Rakoff,
>> *District Judge.*[*]

---

New Falls Corporation,

> *Plaintiff-Appellee*,

> v.                                                                  No. 21-865-cv

Soni Holdings, LLC, Kunal Soni, Anjali Soni, 632 MLK BLVD JR LLC, Kanwal Kapur, Om P. Soni, Soni Capital Resources, LLC,

> *Defendants-Appellants*,

Weanona Hugie, Richard Spears,

> *Defendants*.

---

[*] Judge Jed S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.

FOR PLAINTIFF-APPELLEE:  STEVEN P. GIORDANO,
Vlock & Associates, P.C.,
New York, NY.

FOR DEFENDANTS-APPELLANTS:  WESLEY R. MEAD, The Mead
Law Firm, PC, New York,
NY

John R. Williams (*on the brief*), New Haven, CT.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Feuerstein, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court entered on March 5, 2021, is **AFFIRMED**.

This case involves property located in Newark, New Jersey ("the Newark Property") that is the subject of a claim of fraudulent conveyance to avoid collection of a judgment debt. The district court entered a preliminary injunction that would prohibit Defendants from encumbering or disposing of their ownership interest in the Newark Property, pending the resolution of the fraudulent conveyance action.

While Defendants initially appealed the preliminary injunction order, they subsequently moved to withdraw their appeal. A panel of this Court granted that motion and dismissed Defendants' appeal with prejudice. *See New Falls Corp. v. Soni Holdings, LLC*, 19-2746, doc. 50 (2d Cir. Feb. 25, 2020). Defendants then moved for reconsideration of the preliminary injunction order or, in the alternative, to modify the injunction in light of their offer to place an amount equal to the judgment award owed to Plaintiff in a court-controlled bank account, pending the resolution of the fraudulent conveyance action. The district court denied Defendants' motion, concluding that Defendants failed to point to any change in law or factual circumstances that justified

reconsideration or modification.

We assume the parties' familiarity with the underlying facts, procedural history, and arguments on appeal, to which we refer only as necessary to explain our decision to affirm the district court's denial of Defendants' motion for reconsideration and modification of the preliminary injunction.[1]

I.    This Court Lacks Jurisdiction Over the Motion for Reconsideration

Section 1292(a)(1) of the Judicial Code permits appeals of "[i]nterlocutory orders . . . granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions." *See* 28 U.S.C. § 1292(a)(1). While Section 1292 permits our interlocutory review of orders denying or approving motions to modify or vacate a preliminary injunction upon changed circumstances, *see, e.g.*, *Weight Watchers Int'l, Inc. v. Luigino's, Inc.*, 423 F.3d 137, 141–43 (2d Cir. 2005), it does not permit our review of parties' efforts "simply to revisit the initial injunction decision or resurrect an expired time for appeal," *see* 16 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FED. PRAC. & PROC. § 3924.2 (3d ed. 2002).

Defendants already had an opportunity to appeal the validity of the preliminary injunction. The proper time for Defendants to have moved the district court for reconsideration was within 28 days of the preliminary injunction order, not after their appeal of that order was withdrawn and dismissed with prejudice.[2] *See* Fed. R. Civ. P. 59(e); *Lichtenberg v. Besicorp Grp., Inc.*, 204 F.3d

---

[1] Defendants also appeal the district court's March 8, 2021 contempt order. We, however, lack jurisdiction over a party's interlocutory appeal of a civil contempt order. *See Dinler v. City of New York*, 607 F.3d 923, 934 (2d Cir. 2010) (explaining that a party may "only appeal a civil contempt sanction after a final judgment").

[2] Defendants moved for reconsideration under Rule 60(b), which was procedurally defective because the preliminary injunction was not a final order. *See* Fed. R. Civ. P. 60(b) ("On motion and just terms, the court may relieve a party or its legal representative from a *final* judgment, order, or proceeding . . . ." (emphasis added)). The district court considered the motion under Rule 54(b) which allows for the reconsideration of non-final orders. *See* Fed. R. Civ. P. 54(b) (stating that nonfinal judgments "may be

3

397, 401 (2d Cir. 2000) (applying Rule 59(e)'s former 10-day window and explaining that "if an order granting a preliminary injunction is to be reviewed prior to appeal from the final judgment, the appeal must be taken within 30 days after the date of the entry of the injunction unless a timely motion has been made under Civil Rule 59(e))").[3]   Accordingly, while this Court has jurisdiction to review the denial of Defendants' motion to modify the preliminary injunction, it does not have jurisdiction to review the denial of Defendants' motion for reconsideration of the preliminary injunction.   *See Weight Watchers*, 423 F.3d at 141 ("An order reconsidering or interpreting a preliminary injunction . . . is not appealable.").

II.      The District Court Did Not Abuse Its Discretion in Denying the Motion for Modification

We "review the denial of a motion to modify a preliminary injunction for abuse of discretion." *Weight Watchers*, 423 F.3d at 141.  "The test of that discretion is measured by whether the requested modification effectuates or thwarts the purpose behind the injunction." *Sierra Club v. United States Army Corps of Eng'rs*, 732 F.2d 253, 257 (2d Cir. 1984).

Defendants rely too heavily on their offer to place the judgment award in a court-controlled account pending the resolution of the fraudulent conveyance action.  In *Grupo Mexicano de Desarrollo S.A. v. All. Bond Fund, Inc.* ("*Grupo Mexicano*"), the Supreme Court held that a district court does not have "the power to issue a preliminary injunction preventing [a] defendant from transferring assets *in which no lien or equitable interest is claimed*." 527 U.S. 308, 310, 333 (1999)

---

revised at any time before the entry of a [final judgment]").

[3] We may have had jurisdiction to review a motion for reconsideration of a preliminary injunction timely brought under Rule 59(e). *See Lichtenberg*, 204 F.3d at 401–04 (implicitly finding that motions for reconsideration brought under Rule 59(e) are appealable; *but see id.* at 406 (Winter, *J.*, dissenting) (explaining that the majority implicitly—though incorrectly—deemed the motion for reconsideration to have been brought under Rule 60, and that Rule 59(e) motions "are not generally appealable"). Defendants, however, did not timely bring such a motion. Instead, they moved for reconsideration after their appeal of the preliminary injunction was dismissed with prejudice.

4

(emphasis added). While Defendants argue that their offer renders the preliminary injunction invalid under *Grupo Mexicano*, Plaintiff here claims both a judgment lien and an equitable interest in the Newark Property. *See Gucci Am. v. Bank of China*, 768 F.3d 122, 130 (2d Cir. 2014) (explaining that *Grupo Mexicano* was "limited to actions for money damages in which plaintiffs seek a preliminary injunction to prevent the defendant from transferring assets in which no lien or equitable interest is claimed") (internal quotation marks and citation omitted).[4] Defendants cite no authority for the proposition that their offer can transform an action brought by a judgment creditor for both equitable relief and damages into an action brought by an unsecured creditor for money damages only. The district court therefore did not abuse its discretion when it declined to modify the preliminary injunction.

Defendants forfeited their argument that the continued enforcement of the preliminary injunction is inequitable because Defendants failed to properly raise this argument in their objection to the 2020 report and recommendation. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point."). In their objection, Defendants state in a subheading that the preliminary injunction is "an instrument of wrong and inequitable." Joint App'x at 576. Defendants did not otherwise argue in their objection that the continued enforcement of the preliminary injunction is inequitable. Consequently, the district court did not

---

[4] Plaintiff has a lien on the Newark Property because of its judgment award. *See Grupo Mexicano*, 527 U.S. at 323 n.6. Judgment creditors have traditionally been able to obtain an injunction to prevent a debtor from fraudulently dissipating assets. *Id.* at 319. A district court, furthermore, has "the equitable power to . . . [enter a preliminary injunction] where the plaintiff is pursuing a claim for final equitable relief and the preliminary injunction is ancillary to the final relief." *Gucci*, 768 F.3d. at 131 (internal citation omitted). The preliminary injunction here prevents any further transfer of the Newark Property, which is ancillary to the final relief requested and permitted under New York law. *See* N.Y. Debt. & Cred. §§ 276, 278 (2019).

address this argument.  We decline to exercise our discretion to consider the argument for the first time on appeal.  *See Spinelli v. NFL*, 903 F.3d 185, 198–99 (2d Cir. 2018).

We have considered all of Defendants' remaining arguments and conclude they are without merit.  For the foregoing reasons, we **AFFIRM** the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court