Benitez v. Parmer

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of June, two thousand sixteen.

PRESENT:
>    **DENNIS JACOBS,**
>    **REENA RAGGI,**
>    **DENNY CHIN,**
>         **<u>Circuit Judges</u>.**

_____

**HENRY BENITEZ,**

> **<u>Plaintiff-Appellant</u>,**

> **v.**            **15-1439**

**WILLIAM PARMER, NANCY SMITH, PAULINE POWERS, AMBER LASHWAY, GLENN SCHROYER, CARL KOENIGSMANN, GERALD OTIS, DAVID ROCK,**

> **<u>Defendants-Appellees</u>.[1]**

_____

**FOR PLAINTIFF-APPELLANT:**          Henry Benitez, <u>pro se</u>, Romulus, NY.

---

[1] The Clerk of Court is directed to amend the official caption in this case to conform to the listing of the parties above.

**FOR DEFENDANTS-APPELLEES:**
Owen Demuth and Victor Paladino, Assistant Solicitors General; Barbara D. Underwood, Solicitor General, <u>for</u> Eric T. Schneiderman, Attorney General of the State of New York, Albany, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (Suddaby, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Henry Benitez, <u>pro se</u>, appeals from a judgment in favor of defendants in his 42 U.S.C. § 1983 suit alleging deliberate indifference to his serious medical needs, as well as retaliation, conspiracy, and failure to protect from harm. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Magistrate Judge David E. Peebles recommended dismissal of all of Benitez's claims save the deliberate indifference claims alleged against two defendants (William Parmer and Carl Koenigsmann) for failure to state a claim. July 8, 2013, Report and Recommendation (the "2013 R&R"). Benitez's "objection" did not identify any portion of the 2013 R&R to which he had a specific objection or present any argument; instead, he asked the district court to review his opposition to defendants' motion to dismiss. <u>Cf.</u> Fed. R. Civ. P. 72(b)(2) ("[A] party may serve and file *specific* written objections to the [magistrate judge's] proposed findings and recommendations." (emphasis added)); N.D.N.Y. Local Civil Rule 72.1(c) (written objections to a magistrate's report and recommendation must "*specifically* identify the portions of the proposed findings, recommendations, or report to which it has an objection and the basis for the objection"

2

(emphasis added)); Mario v. P & C Food Mkts., Inc., 313 F.3d 758, 766 (2d Cir. 2002) ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or [W.D.N.Y.] Local Civil Rule 72.3(a)(3)."). [2] Because Benitez thus made only a general objection, the district court reviewed the 2013 R&R for clear error, see 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2), (3); Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment, and finding none, adopted it.

Just as Benitez's general objection was insufficient to obtain de novo review by the district court, it was inadequate to preserve a challenge to the district court's order granting in part defendants' motion to dismiss. See Mario, 313 F.3d at 766 (objection that asserted that it was error to deny motion "for the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment" was "not specific enough to preserve" claim for appellate review); see also Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993). While this waiver rule is nonjurisdictional, "our abbreviated review of the substance of the decision below persuades us that the magistrate's conclusion . . . was not clearly wrong." Wesolek v. Canadair Ltd., 838 F.2d 55, 59 (2d Cir. 1988). Accordingly, we decline to excuse Benitez's waiver in the interest of justice. [3] See id.; see also, e.g., Roldan, 984 F.2d at 89.

---

[2] The Western District's local rule discussed in Mario was materially similar to the one at issue here: it provided that written objections "shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." See Mario, 313 F.3d at 766 (quoting W.D.N.Y. Local Civil Rule 72.3(a)(3) (2002)).

[3] Benitez was explicitly warned that failure to object would preclude appellate review, see Roldan, 984 F.2d at 89; and the 2013 R&R cited to § 636(b)(1) and Fed. R. Civ. P. 72, which provide that objections must be specific. Moreover, Benitez is an unusually experienced pro se litigant (he has filed over 33 other pro se prisoner civil rights actions in this Circuit), and his conduct in this and other cases demonstrates that he was aware that specific objections were required, and that he was

3

On February 26, 2015, Magistrate Judge Peebles issued a second Report and Recommendation, recommending that the district court grant summary judgment in favor of defendants Parmer and Koenigsmann on Benitez's remaining deliberate indifference claims (the "2015 R&R"); the district court adopted it. Benitez properly filed specific objections to the 2015 R&R; his challenges to the district court's order are therefore before this Court. We review the decision to grant summary judgment de novo. Miller v. Wolpoff & Abramson, L.L.P., 321 F.3d 292, 300 (2d Cir. 2003). Summary judgment is appropriate if, upon review of the record in the light most favorable to the non-moving party, "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see Nunn v. Mass. Cas. Ins. Co., 758 F.3d 109, 114 n.4 (2d Cir. 2014).

The district court correctly granted summary judgment in favor of defendants Parmer and Koenigsmann. To establish a constitutional claim arising out of inadequate medical care, an inmate must prove that prison officials were deliberately indifferent to his serious medical needs. Smith v. Carpenter, 316 F.3d 178, 183 (2d Cir. 2003). The standard entails two showings: objective and subjective. As an objective matter, the plaintiff must show that the alleged deprivation of medical care was "sufficiently serious." Salahuddin v. Goord, 467 F.3d 263, 279 (2d Cir. 2006) (quoting Farmer v. Brennan, 511 U.S. 825, 834 (1994)). The subjective showing is akin to criminal recklessness: that the defendant officials acted or failed to act "while actually aware of a substantial risk that serious inmate harm will result." Id. at 280. Under this standard, "a complaint that a physician has been negligent in diagnosing or treating a medical condition does

entirely capable of satisfying the requirement. See, e.g., Pl.'s Mem. of Law in Supp. of Objs., Benitez v. Mailloux, No. 05-CV-1160-NAM-RFT (N.D.N.Y. May 29, 2009), ECF No. 178; see also Dist. Ct. Dkt. 111 (Pl.'s Written Objs. to the Feb. 26, 2015, Report & Recommendation of U.S. Magistrate Judge David E. Peebles).

not state a valid claim of medical mistreatment under the Eighth Amendment." Hill v. Curcione, 657 F.3d 116, 123 (2d Cir. 2011) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

Benitez failed to show a genuine dispute of fact as to whether Parmer or Koenigsmann had the required culpable state of mind. The only reasonable inference from the evidence is that Koenigsmann's decision not to prescribe antiviral drug therapy was a reasoned medical one: the relevant internal guidelines and Benitez's medical records (including recent test results and a history of non-compliance with medical treatment) suggested that such therapy was not indicated. Benitez submitted no admissible evidence to support his contention that Koenigsmann's reliance on the guidelines and that medical history was pretextual. That other physicians subsequently disagreed with Koenigsmann's decision gives rise to no material disputed issue. "It is well-established that mere disagreement over the proper treatment does not create a constitutional claim. So long as the treatment given is adequate, the fact that a prisoner might prefer a different treatment does not give rise to an Eighth Amendment violation." Chance v. Armstrong, 143 F.3d 698, 703 (2d Cir. 1998); see also Hernandez v. Keane, 341 F.3d 137, 144 (2d Cir. 2003) (observing that showing of medical malpractice is insufficient, on its own, to establish deliberate indifference).

As to Parmer, the evidence is that he regularly monitored Benitez's condition through liver function laboratory tests, and that the results remained relatively stable during the period Benitez was treated by Parmer. When Benitez complained in August 2011 that he was experiencing increased symptoms, Parmer submitted a request for antiviral drug therapy, and Benitez received a repeat liver biopsy in November 2011. Benitez alleges that Parmer failed to recommend a repeat liver biopsy and antiviral therapy between 2008 and August 2011 because of improper

5

motivation—displeasure at Benitez's having filed grievances against Parmer.   But this is factually unsupported, as the only grievances filed against Parmer in the record are dated August and September 2011.   Again, "disagreement over the proper treatment does not create a constitutional claim."   Chance, 143 F.3d at 703; see also Hernandez, 341 F.3d at 144.

We have considered Benitez's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6