17-1438-cv
Colvin v. Berryhill

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of May, two thousand eighteen.

PRESENT: BARRINGTON D. PARKER,
REENA RAGGI,
DEBRA ANN LIVINGSTON,
*Circuit Judges*.

---

SEAN COLVIN,

*Plaintiff-Appellant*,

v.                                                                      No. 17-1438-cv

NANCY A. BERRYHILL, ACTING COMMISSIONER OF SOCIAL SECURITY,*

*Defendant-Appellee*.

---

APPEARING FOR APPELLANT:        PETER A. GORTON, Lachman & Gorton, Endicott, New York.

---

\* Pursuant to Fed. R. App. P. 43(c)(2), Acting Commissioner of Social Security Nancy A. Berryhill is automatically substituted for former Commissioner Carolyn W. Colvin as Defendant-Appellee.

APPEARING FOR APPELLEE:             KATHRYN POLLACK, Special Assistant
                                                    United States Attorney (Stephen P. Conte,
                                                    Regional Chief Counsel, Social Security
                                                    Administration, *on the brief*), *for* Grant C.
                                                    Jaquith, United States Attorney for the
                                                    Northern District of New York,
                                                    Syracuse, New York.

Appeal from a judgment of the United States District Court for the Northern District

of New York (Glenn T. Suddaby, *Chief Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND

DECREED that the judgment entered on March 28, 2017, is AFFIRMED.

Plaintiff Sean Colvin appeals from the district court's affirmance of a decision of

the Commissioner of Social Security ("Commissioner") denying Colvin's application for

Social Security disability benefits. In such a case, we review the administrative record *de*

*novo*, and we will uphold the Commissioner's decision if it is supported by substantial

evidence and the correct legal standards were applied. *See Zabala v. Astrue*, 595 F.3d 402,

408 (2d Cir. 2010); *see also Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012)

("Substantial evidence . . . means such relevant evidence as a reasonable mind might accept

as adequate to support a conclusion." (internal quotation marks omitted)). In applying

these standards here, we assume the parties' familiarity with the facts and record of prior

proceedings, which we reference only as necessary to explain our decision to affirm.

A five-step sequential analysis is used to evaluate disability claims. *See* 20 C.F.R.

§§ 404.1520, 416.920.

> First, the Commissioner considers whether the claimant is currently engaged
> in substantial gainful activity. If he is not, the Commissioner next considers
> whether the claimant has a severe impairment which significantly limits his

physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in . . . the regulations. . . . Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the Commissioner then determines whether there is other work which the claimant could perform.

*Talavera v. Astrue*, 697 F.3d at 151 (internal quotation marks omitted). The claimant bears the burden of proof as to the first four steps, *see Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999), while the Commissioner bears the burden at step five, *see Poupore v. Astrue*, 566 F.3d 303, 306 (2d Cir. 2009) (explaining "only a limited burden shift" occurs at step five, requiring Commissioner to "show that there is work in the national economy that the claimant can do"). On appeal, Colvin challenges only the Commissioner's residual functional capacity assessment and step five determination.

1.    Residual Functional Capacity

Colvin challenges his residual functional capacity assessment on grounds that the Commissioner (1) as a general matter, improperly rejected medical opinions in favor of her own assessment of the evidence; and (2) specifically failed to reference medical opinions from treating physicians indicating Colvin's need for frequent work breaks and absences due to gastrointestinal and other physical impairments.

The magistrate judge rejected these arguments when issuing his report recommending affirmance of the Commissioner's denial of benefits, and Colvin raised no objection to the residual functional capacity portion of the magistrate's report. Where, as here, a party receives clear notice of the consequences of not objecting to a report and

3

recommendation, the party's failure to object to any purported error or omission in a magistrate judge's report results in the district court's review only for clear error, *see* Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment, and "waive[r] [of] further judicial review of the point," *Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003); *see Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) (explaining failure to include challenge among other objections did not preserve that challenge for appellate review). Although Colvin raised a general objection to the magistrate's report "based on the arguments set forth in his original brief," App'x 23, "[m]erely referring the court to previously filed papers or arguments does not constitute an adequate objection under . . . Fed. R. Civ. P. 72(b)," *Mario v. P & C Food Mkts., Inc.*, 313 F.3d at 766. The district court thus reviewed Colvin's residual functional capacity arguments for clear error, identifying none, and Colvin waives review of those arguments before this court.

While this waiver rule is non-jurisdictional and may be excused in the "interests of justice," *Cephas v. Nash*, 328 F.3d at 107 (internal quotation marks omitted), our review of the decision below persuades us that the magistrate judge's conclusions that the Commissioner properly weighed Colvin's medical opinions, including those from treating physicians, and that substantial evidence supports the Commissioner's residual functional capacity assessment were "not clearly wrong," *Wesolek v. Canadair Ltd.*, 838 F.2d 55, 59 (2d Cir. 1988); *accord Benitez v. Parmer*, 654 F. App'x 502, 503–04 (2d Cir. 2016) (summary order). Accordingly, we decline to excuse Colvin's waiver in the interest of justice. *See Wesolek v. Canadair Ltd.*, 838 F.2d at 59.

4

2.      Availability of Other Jobs in the National Economy

Colvin next argues that the Commissioner failed to satisfy her step five burden of identifying significant numbers of jobs in the national economy that Colvin can perform despite missing the distal tips of three fingers on his left hand.  We disagree.

The residual functional capacity assessment states in pertinent part that Colvin can "occasionally . . . handle objects with," but "cannot perform any fingering with," his non-dominant left hand.  App'x 63.  The vocational expert testified that, notwithstanding these manipulative limitations, Colvin could work various jobs, including as an interview survey worker, parking lot attendant, or ticket seller.  It was based on this testimony that the Commissioner determined that Colvin was not disabled and, therefore, not entitled to benefits.

In urging error, Colvin contends that the expert testified Colvin in fact could *not* perform the jobs identified.  Like the district court, we think the question posed by Colvin to the expert was too ambiguous for his response to compel that construction.  Colvin asked the expert whether, "[a]ssuming for a moment that the reaching, handling and fingering [requirements for] . . . the teacher aide or even one of the other jobs is frequent or constant," an individual with Colvin's left-hand manipulative limitations "could . . . do the job." *Id.* at 193–94.  The immediately preceding question, however, specifically concerned the reaching, handling, and fingering requirements for Colvin's *past* work as a teacher aide, resident care aide, and machine feeder.  The Commissioner concluded, and the parties do not dispute, that Colvin cannot perform those jobs.  Thus, taken in context and fairly read, the expert's testimony about Colvin's inability to work with his manipulative limitations

5

pertained only to past jobs and, therefore, does not contradict his earlier testimony of an ability to perform other jobs so as to preclude the Commissioner's step five determination.

No more persuasive is Colvin's attempt to ground error in the Department of Labor's definitions of the relevant occupational titles. While these definitions indicate that the jobs identified by the vocational expert—survey worker, parking lot attendant, and ticket seller—require either frequent handling or constant fingering, they do not state that a worker must be able to perform such handling or fingering with both hands, specifically, with a non-dominant hand as well as a dominant hand. The law recognizes that vocational experts "may be useful" in supplementing the definitions in such circumstances. SSR 96–9p, 61 Fed. Reg. 34478, 34482 (July 2, 1996) ("When the limitation is less significant, especially if the limitation is in the non-dominant hand, it may be useful to consult a vocational resource."); *see McIntyre v. Colvin*, 758 F.3d 146, 152 (2d Cir. 2014) (observing vocational experts "may be consulted" in "more complex cases" (internal quotation marks omitted)). That is what occurred here: the expert testified that Colvin—who has no impairment to his dominant right hand—could meet the manipulative requirements of the other jobs identified notwithstanding the limitations to his non-dominant left hand.

In sum, we conclude that substantial record evidence supports the Commissioner's step five determination.

We have considered Colvin's remaining arguments and conclude that they are without merit. For the reasons stated, we AFFIRM the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

6