*Kotlyarsky v. U.S. Dep't of Just.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of November, two thousand twenty-three.

PRESENT:

> REENA RAGGI,
> RICHARD J. SULLIVAN,
> EUNICE C. LEE,
> > *Circuit Judges.*

_____

BORIS KOTLYARSKY,

> *Plaintiff-Appellant*,

v.                                                                 No. 22-2750

UNITED STATES DEPARTMENT OF JUSTICE,
PREET BHARARA, in his official capacity,
JAMES COMEY, in his official capacity,

> *Defendants-Appellees.*\*

_____

---

\* The Clerk of Court is respectfully directed to amend the official case caption as set forth above.

For Plaintiff-Appellant:    BORIS KOTLYARSKY, *pro se*, Brooklyn, NY.

For Defendants-Appellees:    Elizabeth J. Kim, Benjamin H. Torrance, Assistant United States Attorneys, *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Paul G. Gardephe, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the September 30, 2022 judgment of the district court is **AFFIRMED**.

Boris Kotlyarsky, proceeding *pro se*, appeals from the district court's judgment dismissing with prejudice his complaint against the United States Department of Justice, former United States Attorney Preet Bharara, and former FBI Director James Comey (collectively, "Defendants") for maliciously prosecuting him and violating his constitutional rights. We assume the parties' familiarity with the facts, procedural history, and issues on appeal, which we refer to only as necessary to resolve this appeal.

In 2017, Kotlyarsky was sentenced to 41 months' imprisonment after pleading guilty to extortion and conspiracy to commit extortion in violation of 18 U.S.C. § 1951. Although Kotlyarsky did not directly appeal his conviction or sentence, he subsequently filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255, which was denied. Kotlyarsky again declined to appeal.

In 2020, Kotlyarsky – with the assistance of counsel – filed this action seeking damages for "violations of his constitutional rights, malicious prosecution, and negligent infliction of severe emotional and mental distress." App'x at 9. By Report and Recommendation ("R&R") dated August 18, 2021, Magistrate Judge Stewart Aaron recommended that Kotlyarsky's complaint be dismissed without leave to amend. The district court thereafter adopted the R&R in its entirety and dismissed Kotlyarsky's complaint with prejudice.

Defendants argue that we should affirm the district court's judgment because Kotlyarsky forfeited his claims on appeal – both by failing to object to the R&R and by failing to raise any arguments as to how the district court erred in dismissing his complaint in his appellate brief. We agree.

3

*First*, the record is clear that Kotlyarsky forfeited his claims on appeal by failing to object to the R&R. We have advised that "a party's failure to object to any purported error or omission in a magistrate judge's report [forfeits] further judicial review of the point," *Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003), so long as the parties "receive clear notice of the consequences" of a failure to object, *Smith v. Campbell*, 782 F.3d 93, 102 (2d Cir. 2015); *see also Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010) ("[A] party [forfeits] appellate review of a decision in a magistrate judge's Report and Recommendation if the party fails to file timely objections designating the particular issue."). Here, the R&R explicitly warned Kotlyarsky that failure to object to the R&R would result in the forfeiture of those objections for the purposes of appeal. On the day that objections were due, Kotlyarsky – who was then represented by counsel – filed an "affidavit in support of objection" in which he requested leave to amend his complaint on the basis that he could "demonstrate through documentary evidence that . . . [his criminal] case should have been dismissed" and that "the [g]overnment did not have a basis for [his] conviction." App'x at 120. Though framed as a purported objection to the R&R, Kotlyarsky's

4

affidavit failed to address any of the R&R's conclusions regarding the viability of his claims or to otherwise respond to the R&R's analysis in any way. Because the affidavit did not constitute a "specific . . . objection[]" to any of the R&R's "proposed findings and recommendations," Fed. R. Civ. P. 72(b)(2), and because Kotlyarsky offered no excuse or justification for his failure to object, we conclude that Kotlyarsky forfeited appellate review of the district court's dismissal of his complaint.

*Second*, even if we were to construe Kotlyarsky's affidavit as a valid objection to the R&R, we still would conclude that he forfeited any challenge to the district court's judgment because he failed to address the substance of the district court's dismissal in his brief on appeal. As Defendants note, Kotlyarsky's brief – even liberally construed, *see McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) – does not raise any arguments as to how the district court erred in dismissing his complaint. Instead, his brief focuses entirely on various challenges to the propriety of his underlying criminal conviction and the denial of his section 2255 motion. Consequently, Kotlyarsky has forfeited his challenge to the district court's judgment by failing to include any arguments regarding the

5

district court's grounds for dismissal in his brief. *See Terry v. Inc. Vill. of Patchogue*, 826 F.3d 631, 632–33 (2d Cir. 2016) ("Although we accord filings from *pro se* litigants a high degree of solicitude, even a litigant representing himself is obliged to set out identifiable arguments in his principal brief." (internal quotation marks omitted)); *LoSacco v. City of Middletown*, 71 F.3d 88, 93 (2d Cir. 1995) ("[W]e need not manufacture claims of error for an appellant proceeding *pro se*.").[1]

*Finally*, even if we were to review the challenged judgment *de novo*, we would still affirm the dismissal of Kotlyarsky's complaint because his attempt to use a civil damages action to challenge his criminal conviction is jurisdictionally and procedurally barred for the reasons set forth in the R&R.

---

[1] In his appellate brief, Kotlyarsky asserts in passing that the district court "erroneously dismissed his claims without leave to amend." Kotlyarsky Br. at 4. This cursory reference to the denial of leave to amend is insufficient to preserve the issue for appellate review. *See Gerstenbluth v. Credit Suisse Sec. (USA) LLC*, 728 F.3d 139, 142 n.4 (2d Cir. 2013) (concluding that a *pro se* litigant forfeited his challenge to an aspect of the district court's judgment that he only referenced "obliquely and in passing"). But even if we were to excuse this forfeiture and review the district court's denial of leave to amend *de novo, see L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 435 (2d Cir. 2011), we would find no error in the district court's conclusion that any attempt to amend the complaint would be futile.

We have considered Kotlyarsky's remaining arguments and find them to be without merit.   Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court
